* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a) and 9th Cir.R. 34–4.

UNITED STATES of America, Plaintiff–Appellee,

v.

Terry James KOHL, Defendant–Appellant.

No. 91–30119.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 1992 *.

Opinion April 30, 1992.

Opinion Withdrawn Aug. 12, 1992.

Decided August 12, 1992.

Terry James Kohl, pro se.

Kenneth G. Bell, Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

Before WRIGHT and ALARCON, Circuit Judges, and DAVIES,** District Judge.

## ORDER

The opinion filed on April 30, 1992 is withdrawn.

## OPINION

DAVIES, District Judge.

### BACKGROUND

Terry James Kohl appeals his sentence for conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(B). He was sentenced to 120 months under the United States Sentencing Guidelines. He argues that because he pleaded guilty to a conspiracy that began before the Sentencing Guidelines' effective date, his sentence violates the ex post facto clause. He also claims his sentence violates the equal protection clause because his coconspirators, who were not sentenced under the guidelines, received lesser sentences. We affirm.

In September 1989, Kohl was indicted on seven counts of cocaine trafficking. During 1987 through 1989, he had been involved in transporting cocaine from California for later sale in Seattle. He entered a guilty plea to count one, conspiracy to distribute cocaine. As part of the plea agreement, the government was required to request a sentence below the applicable

** Honorable John G. Davies, United States District Court, Central District of California, sitting

guideline range, but not less than eight years. The court sentenced Kohl to 120 months imprisonment and imposed a $17,-500 fine.

On February 5, 1991, Kohl filed his motion to correct sentence pursuant to a previous version of Fed.R.Crim.P. 35(a). In his motion, Kohl contends that his sentence was excessive as compared to those imposed on his coconspirators (at times designated in the record as codefendants, but in fact coconspirators charges in a separate indictment), Ward and Bowen. The government argued that the Rule 35(a) motion was procedurally defective because the previous version of the rule was unavailable to him, and because his motion lacked merit.

The district court said that although the existing Rule 35(a) did not permit Kohl's requested relief, it would address the merits. It denied Kohl's motion. Kohl timely appeals.

### DISCUSSION

*I. Jurisdiction*

Kohl's motion to correct sentence was brought improperly under a prior version of the Fed.R.Crim.P. 35(a). The district court acknowledged that the motion was procedurally defective, but reached the merits denying the motion to correct sentence. Both the defendant and the government allege jurisdiction on the basis of 28 U.S.C. § 2255. The government argues that the district court's order denying the defendant relief could be construed as a denial of relief under § 2255, citing *United States v. Young*, 936 F.2d 1050 (9th Cir. 1991); *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir.1990) (per curiam).

In *Eatinger*, this court held that a district court has the authority under 28 U.S.C. § 2255 to reach the merits of a motion for correction of sentence even though the motion is procedurally defective. Eatinger was a pro se defendant who mistakenly filed his motion for correction

by designation.

of sentence under the prior version of Rule 35(b). The court noted that motions by pro se defendants are to be liberally construed, and the district court could have granted the requested relief to Eatinger had he instead filed a petition pursuant to 28 U.S.C. § 2255. It held that the district court erred in failing to construe the pro se defendant's motion to correct sentence as a § 2255 petition.

In the present case, the district court faced a similar situation to that in *Eatinger*. A pro se defendant mistakenly relied on a former version of the Federal Rules of Criminal Procedure to move the court to correct sentence. The district court properly reached the merits of the motion to correct sentence under *Eatinger*. We have jurisdiction under 28 U.S.C. § 2255.

## II. Standard of Review

Generally, we review for an abuse of discretion a defendant's sentence. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). However, "[i]ssues of statutory construction are questions of law which we ordinarily review *de novo.*" *Pathfinder Mines Corp. v. Hodel*, 811 F.2d 1288, 1290 (9th Cir.1987) (citing *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984)).

■■■ Application of the sentencing guidelines is reviewed *de novo. United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir. 1990); *United States v. Gray*, 876 F.2d 1411, 1418 (9th Cir.1989), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990) (citing *Mada–Luna v. Fitzpatrick*, 813 F.2d 1006, 1011 (9th Cir.1987)). Whether a defendant's sentence violates the ex post facto clause or the equal protection clause is reviewed *de novo. United States v. Ahumada–Avalos*, 875 F.2d 681, 684 (9th Cir.1989), *cert. denied*, 493 U.S. 837, 110 S.Ct. 118, 107 L.Ed.2d 79 (1989).

## III. The Ex Post Facto Issue

■■■ Kohl argues that his sentence violates the ex post facto clause because he was sentenced under the United States Sentencing Guidelines, which were not in effect when he began his criminal activity. His criminal activity began in 1987 and continued until April 1988. He argues that the guidelines were retroactively applied to him.

The ex post facto difficulty posed by the adoption of the guidelines was always clear. To avoid the ex post facto application of the guidelines, they became effective on a date certain, November 1, 1987. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, ch. II, § 235(a)(1), 98 Stat. 2031 (1984), amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985), and Criminal Law and Procedure Technical Amendments Act of 1986, Pub.L. No. 99–646, § 35, 100 Stat. 3599 (1986). In 1987 Congress emphasized that the Guidelines would apply to "offenses committed after" the effective date. Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266 (1987), codified at 18 U.S.C. § 3551 note (Effective Date; Savings Provision).

The effective date did not solve all the ex post facto issues. It did not address the problem of continuing offenses that began before the effective date but were completed after it. This is such a case. Kohl's offense began prior to the guidelines' effective date, and continued until after that date. Offenses that bridge the guidelines' effective date have been termed "straddle offenses."

Most circuits that have concluded that the guidelines apply to a defendant who begins a straddle offense before the guidelines' effective date. *United States v. Thomas*, 895 F.2d 51, 57 (1st Cir.1990) (drug conspiracy); *United States v. Story*, 891 F.2d 988 (2d Cir.1989) (drug conspiracy); *United States v. Rosa*, 891 F.2d 988, 1063, 1069 (3d Cir.1989) (drug conspiracy); *United States v. Engleman*, 916 F.2d 182, 185 (4th Cir.1990) (drug conspiracy); *United States v. Van Nymegen*, 910 F.2d 164, 166 (5th Cir.1990) (drug conspiracy); *United States v. Sloman*, 909 F.2d 176, 182–83 (6th Cir.1990) (mail fraud conspiracy); *United States v. MacKenzie*, 922 F.2d 1323, 1328 (7th Cir.1991), cert. denied, — U.S. —, 112 S.Ct. 163, 116 L.Ed.2d 127

(1991) (drug conspiracy); *United States v. Tharp*, 892 F.2d 691, 693–95 (8th Cir.1989) (drug conspiracy); *United States v. Williams*, 897 F.2d 1034, 1040 (10th Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2064, 114 L.Ed.2d 469 (1991) (drug conspiracy); *United States v. Terzado–Madruga*, 897 F.2d 1099, 1123 (11th Cir.1990) (drug conspiracy).

In *United States v. Story*, 891 F.2d 988 (2d Cir.1989), the Second Circuit examined the legislative history of the Sentencing Reform Act of 1984. This history gives insight into Congress' views on the straddle offense issue. Notably, the Senate and the House expressed different views of the issue. Although Congressman Conyers, the bill's manager in the House, stated a straddle offense should not fall under the guidelines, 133 Cong.Rec. H10017, 10019 & n. 5 (daily ed. Nov. 16, 1987), Senator Biden, the bill's manager in the Senate, stated that straddle offenses should properly fall under the guidelines, 133 Cong.Rec. S16646 (daily ed. Nov. 20, 1987). Finding the Senate's view more persuasive, the *Story* court held that the guidelines cover straddle offenses. *Story*, 891 F.2d at 994.

In the case before us, the defendant committed specific overt acts in furtherance of the conspiracy, any one of which would fulfill the required elements of the conspiracy. He committed many overt acts after the guidelines' effective date. The government could have based the Indictment entirely on the events occurring after the effective date, or even just those events occurring in April 1988. Kohl pleaded guilty to count 1 of the Indictment, which included the overt acts committed after the effective date.

The guidelines are applicable to all offenses committed on or after November 1, 1987. *United States v. Rewald*, 835 F.2d 215, 216 (9th Cir.1987). A defendant who commits overt acts in furtherance of a conspiracy after the effective date of the guidelines cannot escape sentencing under the guidelines merely because the indictment included acts committed prior to November 1, 1987.

*IV. The Equal Protection Issue*

Kohl argues that his equal protection rights were violated when he was sentenced under the United States Sentencing Guidelines to a period of incarceration that will exceed the respective sentences of his two coconspirators. At Kohl's sentencing hearing the government moved for a downward departure pursuant to section 5K1.1 of the guidelines. The district court granted the motion and departed downward from the computed guidelines range of 188 to 235 months, and sentenced the defendant to 120 months. Prior to the arrest of Kohl, Steven Ward was sentenced to a term of 13 years,[1] and Michael Bowen was sentenced to a term of 10 years.[2] Each was a non-guideline sentence. Kohl claims there is a lack of parity between his 120 month sentence and the 10 year and 13 year sentences of Bowen and Ward. In essence, he argues, the others were given lighter sentences because potentially each would qualify for good time credits and parole. Facially, no disparity appears among the sentences. It may arise in the future because of the fulfillment of good-time obligations and the application of parole. But at this time these factors are contingent and the existence and extent of any disparity cannot be readily assessed.

1. On September 30, 1988, Steven Ward was sentenced by Judge Tanner of the Western District of Washington. As to Count 1 of the Indictment, conspiracy to distribute cocaine, Ward was sentenced to eight years imprisonment with parole eligibility. As to Count 2, possession with intent to distribute cocaine in excess of 500 grams, Ward was sentenced to five years imprisonment without parole eligibility. Ward was also sentenced to a term of supervised release for four years. Judge Tanner ordered Ward's sentences to run consecutively.

2. On September 2, 1988, Michael Bowen was sentenced by Judge Tanner of the Western District of Washington. As to Count 1 of the Indictment, conspiracy to distribute cocaine, Bowen was sentenced to five years imprisonment with parole eligibility. As to Count 2, possession with intent to distribute cocaine in excess of 500 grams, Bowen was sentenced to five years imprisonment without parole eligibility. Bowen was also sentenced to a term of supervised release for four years. Judge Tanner ordered Bowen's sentences to run consecutively.

Ward and Bowen were sentenced during the time this court held the guidelines unconstitutional ("the *Gubiensio–Ortiz* hiatus"). *See Gubiensio–Ortiz v. Kanahele,* 857 F.2d 1245 (9th Cir.1988), *vacated and remanded sub. nom.,* 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989), *after remand,* 871 F.2d 104 (9th Cir.1989). Subsequently, the Supreme Court upheld the constitutionality of the guidelines. *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Ward, Bowen and Kohl were coconspirators involved in the same underlying cocaine trafficking offenses.

█ We have held "that a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990). Appellate review is unavailable where a sentence is within the applicable guideline range and is not imposed in violation of law. *United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir.1990).[3] Kohl's sentence was not only within the applicable guideline range, but was below it. The district Judge considered and rejected Kohl's argument that his sentence should be equalized with those of his coconspirators. Absent a violation of law in the imposition of the sentence, we lack appellate jurisdiction.

█ Kohl challenges his sentence as violative of equal protection guarantees because his coconspirators have an opportunity to be credited for good time, and per-

haps released on parole. However, a district court is under no obligation to depart downward from the sentencing guidelines in order to equalize sentences of coconspirators. *United States v. Monroe,* 943 F.2d 1007, 1017 (9th Cir.1991). During Kohl's sentencing Judge Bryan noted that "[T]here was a different judge on [Ward's and Bowen's] sentencing.... certainly the fact that there is a different judge means that it is hard to compare sentences because no one knows what arguments were made to that judge or how those arguments may have affected his decision." Transcript of Terry James Kohl's Sentencing at 33, 11.8–16 (March 13, 1990). We have held that where a coconspirator is sentenced before a different court, the sentencing judge has no obligation to consider the facts underlying the coconspirator's sentencing in order to equalize sentences. *Monroe,* 943 F.2d at 1017.[4] Therefore, we find that the district court's sentencing of Kohl did not violate his equal protection rights.

█ Kohl was sentenced under the guidelines and the two coconspirators were not. It is not an abuse of discretion for a district court, who sentences all defendants in a conspiracy, to depart downward in order to equalize sentences of codefendants sentenced under the guidelines with sentences of other codefendants sentenced outside the guidelines, *United States v. Ray,* 920 F.2d 562 (9th Cir.), *as modified,* 930 F.2d 1368 (9th Cir.1990), *cert. de-*

---

**3.** 18 U.S.C. § 3742(a) provides:
    (a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
    (1) was imposed in violation of law;
    (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
    (3) is greater than the sentence specified in the applicable guideline range ...; or
    (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
Clearly, the present case does not involve subsections (2)–(4). "Appellate review of a sentence that is within the correctly applied guideline range and was not imposed in violation of law is not expressly authorized by section 3742(a). Accordingly, we have no jurisdiction

over [such an] appeal." *United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir.1990) (citation omitted).

**4.** In *Monroe,* we considered cases involving codefendants in the context of a case involving coconspirators for purposes of analogy. By analogy in this case, where codefendants are sentenced under the guidelines, this court has agreed with other circuits that "a defendant 'cannot base a challenge to his sentence solely on the lesser sentence given by the district court to his codefendant.'" *United States v. Carpenter* 914 F.2d 1131, 1136 (9th Cir.1990) (citing *United States v. Boyd,* 885 F.2d 246, 249 (5th Cir.1989); *United States v. Pierce,* 893 F.2d 669, 678 (5th Cir.1990); *United States v. Guerrero,* 894 F.2d 261, 267–68 (7th Cir.1990)).

*nied,* —— U.S. ——, 111 S.Ct. 1084, 112 L.Ed.2d 1189. Here, Kohl and his coconspirators were sentenced by different judges. The district court departed downward pursuant to the 5K1.1 motion and reduced Kohl's sentence by a minimum of 68 months. The district court did not depart downward further. It exercised its discretion not to equalize Kohl's sentence with those of the coconspirators.

■ We have never held that a district court judge must depart downward from the appropriate guideline range in order to equalize a defendant's sentence with that of a codefendant not sentenced under the guidelines. We have held only that a judge might do so in his or her direction. *Ray,* 920 F.2d at 567–68. In *Ray,* we noted that "[t]he guidelines contemplate that departures resting upon grounds not mentioned in the guidelines will be 'highly unusual.' " *Id.* at 567. We noted that the situation created by the *Gubiensio–Ortiz* hiatus constituted a "highly unusual" circumstance which could legitimately be taken into consideration by the sentencing judge. We did not, however, mandate such consideration by the sentencing judge. Nor did *Ray* require a downward departure under such circumstances. A sentencing judge is not required to consider an apparent discrepancy between the sentences of coconspirators in cases where sentencing occurred during and after the *Gubiensio–Ortiz* hiatus period.

■ A sentencing judge is under no obligation to equalize sentences among coconspirators or codefendants. *Monroe* 943 F.2d at 1017; *Carpenter,* 914 F.2d at 1136. Although sentencing discrepancies that might arise from sentencing during the *Gubiensio–Ortiz* hiatus may be taken into consideration by the sentencing judge, *Ray,* 920 F.2d at 567–68, such consideration is not mandated because the sentencing discrepancy itself is not a source of equal protection deprivation. *Accord Monroe,* 943 F.2d at 1017; *Carpenter,* 914 F.2d at 1136. Declining to depart further downward in order to equalize the guidelines sentence of a defendant with that of a coconspirator not sentenced under the guidelines therefore does not violate equal protection guarantees and is not a violation of law.

Because Kohl's appeal encompasses the district court's discretionary refusal to depart further downward from the guideline range, and does not involve a violation of law, we lack appellate jurisdiction to review the sentence. *United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990); *United States v. Pelayo–Bautista,* 907 F.2d 99, 101 (9th Cir.1990).

The decision of the district court is accordingly

AFFIRMED.