978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lane WALTER, Defendant-Appellant.
 No. 92-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lane Walter appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines"), following his conviction by guilty plea for bank robbery in violation of 18 U.S.C. § 2113(a). Walter claims the district court erred by concluding it did not have authority to depart below the Guidelines based on his childhood history of abuse. We lack jurisdiction to hear this appeal and we dismiss.
 
 
 3
 The district court may impose a sentence below the Guidelines range if it discerns a " 'mitigating circumstance that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (quoting 18 U.S.C. § 3553(b)). We review de novo a district court's legal determination that the Guidelines prevent departure if the court indicates it would otherwise have departed. United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992) (citing 18 U.S.C. § 3742(e)(2) (review of "incorrect application of the sentencing guidelines")). Otherwise, a district court's decision not to depart is not reviewable. United States v. Kohl, 972 F.2d 294, 299 (9th Cir.1992) (citing United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990)).
 
 
 4
 Here, Walter argued that his childhood history of abuse was a factor warranting departure below the Guidelines range. A psychiatric report prepared at his request said:
 
 
 5
 "Mr. Walter presents a history of ... repeated abuse of a most extreme, sadistic and sexual manner. While this may of course be true, given Mr. Walter's other problems, it is difficult to know the extent of weight to give to this history. Mr. Walter is a man whose self-esteem is admittedly so low that he has manufactured histories for himself and others ..., constructing basically a phony past to cover up an empty past."
 
 
 6
 Report of Michael B. Coburn, M.D. Walter offered to produce other evidence to corroborate his version of his childhood, but the district court declined, stating, "I would have to be convinced that his childhood was indeed terrible before I could even look at any departure, and I have--I see people all the time who have had very, very difficult childhoods.... I don't think that I have any authority ... to downwardly depart in his case" (ER at 15). We conclude from this that the district court did not misapprehend its discretion to depart below the Guidelines range but rather, found that there were no grounds for departure. We therefore lack jurisdiction to review the district court's decision, and we dismiss this appeal. See Morales, 972 F.2d at 299.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3