980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Sid STEIN, Defendant-Appellant.
 No. 92-30038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Sid Stein appeals his conviction and sentence under the United States Sentencing Guidelines following a guilty plea to attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Stein contends that the decision to charge him in federal rather than state court constituted vindictive prosecution and that the district court violated his fifth amendment right to equal protection by failing to depart downward from the Guidelines to correct the disparity between his federal sentence and his co-accused's state sentence. We have jurisdiction under 18 U.S.C. § 1291 and we affirm.
 
 
 3
 We review questions of law de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990) (whether a defendant's guilty plea waives the right to appeal conviction on grounds of due process violation). We review de novo whether a defendant's sentence violates the equal protection clause. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). A sentence within the applicable guideline range not imposed in violation of law is not subject to review on appeal. Id. at 299.
 
 
 4
 With the exception of certain "jurisditional" claims, including vindictive prosecution, a guilty plea generally waives the right to raise claims involving constitutional violations that occurred before the plea. United States v. Cortez, 973 F.2d 764, 766-67 (9th Cir.1992); Montilla, 870 F.2d at 552. The jurisdictional claim exception applies only to those cases in which the district court could determine at the time of taking the plea, from the fact of the indictment or from the record, that the government lacked the power to bring the indictment. Cortez, 973 F.2d at 767 (right to appeal denial of selective prosecution motion waived); Montilla, 870 F.2d at 552 (right to appeal conviction on grounds of outrageous government conduct waived).
 
 
 5
 A district court may not depart downward from the Guidelines to equalize disparities between state and federal sentencing schemes. United States v. Sitton, 968 F.2d 947, 961-62 (9th Cir.1992), petition for cert. filed, --- U.S.L.W. ---- (U.S. Sept. 30, 1992) (No. 92-6112); United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992); United States v. Reyes, 966 F.2d 508, 509-10 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3285 (U.S. Oct. 13, 1992) (No. 92-5780). The government's discretionary decision to prosecute one defendant's case in state court while removing another's to federal court is not a permissible basis for departure. Vilchez, 967 F.2d at 1354-55. A district court does not violate a defendant's equal protection rights when it fails to depart downward to equalize his Guidelines sentence with that of a co-defendant not sentenced under the Guidelines. Kohl, at 298-30 (involving sentencing disparities resulting from the "Gubiensio-Ortiz hiatus" during which we had held the Guidelines unconstitutional).
 
 
 6
 Stein contends that prosecutors dropped state charges and instituted federal charges against him to retaliate because he initially refused to cooperate with the government and exercised his right to an attorney.[1] At the time of Stein's guilty plea, however, neither the indictment nor the record offered prima facie proof that his prosecution in federal court was improperly motivated. Accordingly, Stein waived his right to challenge his conviction on grounds of vindictive prosecution. See Cortez, 973 F.2d at 766-67; Montilla, 870 F.2d at 552.
 
 
 7
 Stein also contends that the equal protection clause requires the district court to depart downward from the Guidelines to reduce the discrepancy between his sentence and the less severe state sentence received by his co-accused.[2] Since the disparity between co-defendants' sentences resulting from the application of Guidelines and non-Guidelines law by different federal courts does not violate equal protection, certainly the same conclusion holds for the sentencing disparity between Stein and his co-accused, arising from two distinct sentencing frameworks and jurisdictions. See Kohl, 972 F.2d at 298-30. The equalization of Stein's federal sentence and his co-accused's state sentence is an impermissible basis for departure downward from the Guidelines. See Sitton, 968 F.2d at 961-62; Vilchez, 967 F.2d at 1355; Reyes, 966 F.2d at 509-10. Consequently, Stein's sentence, which is not in violation of law and falls within the applicable guideline range, is not subject to review. See Kohl, 972 F.2d at 299.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stein first raised this argument by memorandum and affidavit in support of a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The district court granted the motion on other grounds. At re-sentencing, Stein did not move to withdraw his plea or request a departure on the basis of vindictive prosecution but relied on the sentencing memorandum originally submitted
 
 
 [2]
 Contrary to the government's contention that Stein raises the equal protection issue for the first time on appeal, we find that his sentencing memorandum contesting the disparate treatment of him and his co-accused sufficiently raised the issue below