5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee-Cross-Appellant,
v.
Vildred DAVIS, Defendant-Appellant-Cross-Appellee.
 Nos. 92-50694, 92-50740.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-91-00821-TJH; Terry J. Hatter, Jr., District Judge, Presiding.
 C.D.Cal.
 VACATED AND REMANDED.
 
 
 1
 Before: WOOD,* REINHARDT, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm Vildred Davis's convictions, but vacate and remand her sentence.[1]
 
 
 4
 * To be a crime under 18 U.S.C. Sec. 1001, a false statement must be made in a "matter within the jurisdiction of a[ ] department or agency of the United States." United States v. Oren, 893 F.2d 1057, 1064 (9th Cir.1990). Jurisdiction does not have a narrow or technical definition for the purposes of Sec. 1001. United States v. Rodgers, 466 U.S. 475, 480 (1984). Rather, jurisdiction means "all matters confided to the authority of an agency or department." Id. Restated, jurisdiction exists when the agency "has the power to exercise authority in a particular situation." Id. This definition "differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." Id.
 
 
 5
 Davis argues that her false statements were not made over a matter "confided to the authority of" the EEOC. We disagree. The statements were made to the EEOC while the agency was administering a settlement. The General Counsel for the EEOC has the "responsibility for the conduct of litigation as provided in sections 2000e-5 and 2000e-6." 42 U.S.C. Sec. 2000e-4(b)(1). The EEOC not only has the power to conduct litigation for parties, it also is a "federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, noncoercive fashion." Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 368 (1977). Here, the EEOC was doing just that--identifying victims of the class who were discriminated against, and disbursing funds through a settlement agreement.
 
 
 6
 Davis argues that since the EEOC has no power to adjudicate claims under Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974), it was acting outside of its jurisdiction in administering the settlement agreement since its conduct amounted to adjudication. In Alexander, the district court dismissed a Title VII suit because the plaintiff had unsuccessfully submitted a claim to the EEOC. The Supreme Court held that this dismissal was unwarranted since the EEOC did not have the power to adjudicate Title VII claims. 415 U.S. at 44.
 
 
 7
 The EEOC here, however, was not "adjudicating" claims against CWT; it was administering a settlement agreement. The adjudication of the claims was going to be done by the court, but this adjudication was obviated by the settlement. The EEOC simply identified victims and disbursed the settlement money. That no one reviewed the EEOC's disbursements is immaterial. The function of distributing money was administrative, not adjudicative. Cf. EEOC Compliance Manual Sec. 15.12 ("[i]n unusual cases ... disbursement of the settlement checks may be handled by EEOC").
 
 
 8
 Davis next argues that the false statements related to a matter that was only "peripheral" to the EEOC's jurisdiction, citing United States v. Facchini, 874 F.2d 638 (9th Cir.1989) (en banc). In Facchini, the court held that, "to establish jurisdiction, the information received must be directly related to an authorized function of the federal agency." Id. at 642.
 
 
 9
 The false information in this case was clearly related to an authorized function of the EEOC. The EEOC was in charge of distributing the settlement money, as part of its duty to identify victims of discrimination, conciliate disputes, and settle claims.
 
 
 10
 Davis next argues that the disbursements were peripheral since a former EEOC Associate General Counsel could only recall one other instance in which the EEOC handled actual disbursal of backpay. That the EEOC chose an uncommon method of settling the claim, however, does not make the false claim "peripheral" to the agency.
 
 
 11
 Davis also argues that since the false claims did not involve federal funds, the claims were not within the jurisdiction of the EEOC. In Rodgers, however, the Supreme Court rejected any narrow or technical interpretation of the word jurisdiction. 466 U.S. at 480. Limiting jurisdiction to only those cases involving federal funds would contradict the broad interpretation established in Rodgers.
 
 II
 
 12
 Next Davis argues that the district court erred in excluding expert testimony about the jurisdiction of the EEOC. A district court has wide latitude to exclude expert testimony. United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991). As the jurisdiction of the EEOC is a question of law, it was appropriate for the district court to decline to hear the expert testimony. United States v. Brodie, 858 F.2d 492, 497 (9th Cir.1988).
 
 III
 
 13
 The government argues that the district court erred in refusing to apply the Sentencing Guidelines. Both parties concede that the Guidelines apply to continuing offenses in which the criminal conduct begins before November 1, 1987, and continues thereafter. United States v. Kohl, 972 F.2d 294 (9th Cir.1992). Davis, however, argues that the district court found that the conspiracy ended before November 1, 1987, and therefore the Guidelines were not applicable.
 
 
 14
 When one agrees to join a conspiracy, one agrees to all acts that have been or will be committed by the conspiracy, and is responsible for those acts regardless of one's role in their commission. United States v. Inafuku, 938 F.2d 972, 974 (9th Cir.1991), cert. denied, 112 S.Ct. 877 (1992). A conspiracy is presumed to continue unless there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy. United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 15
 Here, the district court made no findings on withdrawal, disavowal, or defeat of the object of the conspiracy. On the contrary, the district court appeared to find that the conspiracy continued after November 1, but that, as a matter of law, the court had discretion not to apply the Guidelines since the bulk of the overt acts occurred before November 1.
 
 
 16
 A court has no discretion in determining whether to apply the Guidelines when the crime was committed after November 1, 1987. 18 U.S.C. Sec. 3551 (court "shall" apply the Guidelines); see also Kohl, 972 F.2d at 298 (Guidelines apply to all offenses committed on or after November 1, 1987). Unless Davis withdrew, disavowed or abandoned the conspiracy before Nov. 1, 1987, the court must apply the Guidelines. See Kohl, 972 F.2d at 298 ("defendant who commits overt acts in furtherance of a conspiracy after the effective date of the guidelines cannot escape sentencing under the guidelines merely because the indictment included acts committed prior to November 1, 1987.").
 
 
 17
 CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, Seventh Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742(b)