8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason ALLISON, Defendant-Appellant.
 No. 92-16968.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jason Allison appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm, in violation of 18 U.S.C. § 924(c)(1). Allison contends that (1) he received ineffective assistance of counsel because his attorney successfully moved to postpone his sentencing hearing, with the result that he was sentenced under the United States Sentencing Guidelines rather than pre-Guidelines law, (2) his Guidelines sentence violated his plea bargain, and (3) he is entitled to a downward departure from the Guidelines because some of his codefendants received pre-Guidelines sentences. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 First, Allison contends that he was denied effective assistance of counsel because after his sentencing hearing was postponed, the Supreme Court upheld the constitutionality of the Guidelines, and so he received a higher sentence than he would have received under pre-Guidelines law if the hearing had gone forward as scheduled. See Mistretta v. United States, 488 U.S. 361 (1989) (overruling Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988)). He argues that at the time of the originally scheduled hearing on January 3, 1989, Mistretta already had been argued before the Supreme Court; therefore, counsel should have considered that any postponement might result in the application of the Guidelines.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 5
 Allison received a 260-month sentence under the Guidelines. The district court later reduced the sentence to 130 months because of Allison's cooperation with the government. In support of the motion to postpone the sentencing hearing, counsel argued, and Allison stated on the record, that Allison wanted to take time to consider withdrawing his guilty plea because he did not think he had used any firearms in violation of 18 U.S.C. § 924(c)(1).
 
 
 6
 At the time of the originally scheduled hearing, the timing and holding of the Supreme Court's decision in Mistretta were unknown. Allison's desire to take time to consult with counsel regarding the definition of the crime and to consider withdrawing his plea was a valid reason for the postponement. Counsel's failure to override Allison's desire on the basis of speculation regarding the outcome of Mistretta did not amount to ineffective assistance. See Strickland, 466 U.S. at 689.
 
 
 7
 Second, Allison contends that the retroactive application of Mistretta violated his plea bargain because when he entered his plea, he believed he would receive a pre-Guidelines sentence. See United States v. Kincaid, 898 F.2d 110, 111 (9th Cir.1990) (Mistretta applies retroactively to defendants who pleaded guilty before Gubiensio-Ortiz was overruled). Due process requires that a guilty plea be voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The defendant must be advised of the "maximum possible penalty." Fed.R.Crim.P. 11(c)(1). Nonetheless, the district court is not required to inform the defendant about the Sentencing Guidelines before accepting a plea. United States v. Roberts, No. 92-16660, slip op. 9967, 9972 (9th Cir. Sept. 16, 1993). Allison makes no claim that he did not know he could receive a 260-month sentence. Accordingly, his contention lacks merit. See id.
 
 
 8
 Finally, Allison contends that he is entitled to a downward departure from the Guidelines because of the disparity between his sentence and the sentences of his codefendants to whom pre-Guidelines law was applied. While the district court has discretion to depart downward to equalize a defendant's sentence with codefendants' pre-Guidelines sentences, such a downward departure is not required. United States v. Kohl, 972 F.2d 294, 300 (9th Cir.1992). The failure to depart downward on this basis does not violate equal protection guarantees. Id. Moreover, as the district court stated, Allison's situation is different from that of his codefendants, who participated only peripherally in the criminal activity. See id. Accordingly, Allison's contention lacks merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3