26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James J. McCARTHY, Defendant-Appellant.
 No. 93-50662.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James J. McCarthy, a federal prisoner, appeals pro se the district court's denial of his motion to correct an illegal sentence. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255, and we affirm.
 
 
 3
 McCarthy pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846. On November 21, 1988, the district court sentenced him to eight years imprisonment and alternatively, "if the Sentencing Guidelines are found constitutional," to ninety-seven months imprisonment and five years supervised release. McCarthy did not file a direct appeal. On May 4, 1989, he filed a 28 U.S.C. Sec. 2255 motion, which the district court denied. We affirmed the denial of the Sec. 2255 motion on September 9, 1991. On August 30, 1993, McCarthy filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a). The district court denied the motion on August 31, 1993.
 
 
 4
 The version of Rule 35(a) authorizing motions to correct illegal sentences applies only to defendants who committed offenses before the United States Sentencing Guidelines took effect on November 1, 1987. See Fed.R.Crim.P. 35. McCarthy committed his offense from an unknown date until August 9, 1988, and was sentenced under the Guidelines; therefore, the district court did not have authority to consider a Rule 35(a) motion by McCarthy. The district court did, however, have authority to construe McCarthy's motion as a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. See United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992).
 
 
 5
 McCarthy contends that the district court erred by denying his claim that his sentence violates the Equal Protection Clause because (1) he should not have received a mandatory minimum sentence pursuant to 21 U.S.C. Sec. 841(b) and (2) he should be eligible for parole. McCarthy, however, received a ninety-seven-month sentence under the Guidelines. He did not receive a mandatory minimum sentence. See United States v. Steward, 16 F.3d 317, 322 (9th Cir.1994) (defendant received Guidelines sentence, not mandatory minimum sentence under Sec. 841(b)).
 
 
 6
 McCarthy argues that he should be eligible for parole because "from November 1, 1987 until November 18, 1988, none of the mandatory sentencing without parole provisions which applied to the 841 offense applied to the conspiracy offense." The Guidelines, however, apply to conspiracies, such as McCarthy's, that ended on or after November 1, 1987. See Kohl, 972 F.2d at 298. McCarthy is not eligible for parole because he was sentenced under the Guidelines. See id.
 
 
 7
 We AFFIRM the district court's denial of relief under 28 U.S.C. Sec. 2255.
 
 
 
 *
 McCarthy's motion for an extension of time to file his request for oral argument is granted. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McCarthy's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3