34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert FISCHER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1994.
Decided Aug. 12, 1994.
 
 Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After rejecting an agreement under which he would have plead guilty to a pre-Sentencing Guidelines offense with a sentence of 90 months, plaintiff-appellant Robert Fischer was convicted by a jury of one count of conspiracy to distribute cocaine. The conspiracy began before the implementing date of the Sentencing Guidelines, and continued after that date. Fischer was sentenced to 151 months incarceration, the low end of the Guidelines range, after the sentencing court granted a two-level downward departure for acceptance of responsibility.
 
 
 3
 After Fischer was sentenced, a codefendant, who also went to trial, received a sentence of 40 months, 111 months lower than the recommended Guidelines range, in part because the district court determined that by sentencing him under the Guidelines, while other codefendants who accepted plea bargains were sentenced without reference to the Guidelines, would create an unconstitutional disparity in punishment, infringing on the defendant's Sixth Amendment rights. United States v. Boshell, 728 F.Supp. 632 (E.D.Wash.1990). The court indicated in a footnote that appellant should also have the benefit of this reasoning. Id. at 639 n. 7.
 
 
 4
 Fischer filed a 28 U.S.C. Sec. 2255 motion to vacate sentence based on Boshell (aff'd in part, vacated and remanded in part at 952 F.2d 1101 (9th Cir.1991)), seeking an evidentiary hearing to explain why the district court did not exercise its discretion to depart downward in his case as in the case of his codefendant. The petition was referred to a magistrate judge, who recommended granting the government's motion to dismiss. The district judge accepted the recommendation, and dismissed the petition. We affirm.
 
 I.
 
 5
 This court reviews a denial of a 28 U.S.C. Sec. 2255 motion de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam). To succeed on a Section 2255 motion, a defendant must show that his sentence "was imposed in violation of the Constitution or laws of the United States," or is otherwise subject to collateral attack. 28 U.S.C. Sec. 2255. We may affirm the district court if the appellant's allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Popoola, 881 F.2d at 812. (quoting Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985)). "An evidentiary hearing 'is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims.' " Id. (quoting Marrow, 772 F.2d at 526).
 
 
 6
 Fischer argues that his sentence was unconstitutional in that he received a disparate sentence from that of his coconspirators because he exercised his right to trial. "Whether [a] harsher sentence[ ] [was] imposed as a punishment for a defendant's assertion of his right to trial is a mixed question of law and fact." United States v. Morris, 827 F.2d 1348, 1352 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988). It is undeniable that Fischer received a harsher sentence after his conviction than he would have received under the offered plea bargain. However, "the mere imposition of a heavier sentence after a defendant voluntarily rejects a plea bargain does not, without more, invalidate the sentence." Id. The sentencing court was scrupulous in avoiding giving Fischer a stiffer sentence because he went to trial, to the extent that it gave Fischer a two point reduction for acceptance of responsibility, normally reserved for defendants who plead guilty.
 
 
 7
 Fischer also alleges that his sentence was significantly more severe than his codefendants who did not go to trial, more severe than even those who the government described as the kingpins of the operation. But the difference between Fischer and the other defendants is not just that he went to trial and they did not. By pleading guilty to pre-Guidelines conduct, Fischer's codefendants avoided being sentenced under the Guidelines. Fischer had the same chance and rejected it. The jury then convicted him of the one count, conspiracy, which triggered application of the Guidelines. The Guidelines recommended a stiffer sentence for Fischer than his coconspirators received.
 
 
 8
 This conspiracy is not the first to present this court with the dilemma of a group of defendants, some of whom are sentenced under the Guidelines while others are not. In United States v. Kohl, 972 F.2d 294 (9th Cir.1992), three coconspirators were sentenced. Two received non-Guidelines sentences, during the period of time in which this circuit held the Guidelines unconstitutional. See Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1984), vacated and remanded sub nom. United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). Kohl was sentenced after that period, by another judge. He argued at sentencing that the court should equalize his sentence with those of the other defendants, but the sentencing court refused. This court agreed.
 
 
 9
 We have held that where a coconspirator is sentenced before a different court, the sentencing judge has no obligation to consider the facts underlying the coconspirator's sentencing in order to equalize sentences.
 
 
 10
 Kohl, 972 F.2d at 299.
 
 
 11
 The exercise of discretion to depart downwards is not mandatory. Kohl, 972 F.2d at 300. "Declining to depart further downward in order to equalize the guidelines sentence of a defendant with that of a coconspirator not sentenced under the guidelines therefore does not violate equal protection guarantees and is not a violation of law." Id
 
 
 12
 The difference between Fischer and his codefendants was not just that he was sentenced under the Guidelines after trial and they were sentenced under the pre-Guidelines regime. Each played a unique role in the conspiracy, with varying degrees of culpability and resulting social harm. Fischer was a supplier. This distinguished him from Boshell, who was found to be a courier. In departing from the Guidelines recommendation in sentencing Boshell, the court also relied on Boshell's limited role, and his life history. 728 F.Supp. at 633, 640. The fact that Fischer, with a different role in the conspiracy and a different life history, received a different sentence than Boshell is not proof that his Sixth Amendment rights were infringed.
 
 II.
 
 13
 Fischer has failed to state a claim for relief in his petition. The mere facts that he received a stiffer sentence after trial and a stiffer sentence than coconspirators does not state a claim for relief. We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3