51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio McKINNEY, Defendant-Appellant.
 No. 94-50362.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio McKinney appeals his sentence of 101 months imposed following remand by this court. He contends that by sentencing him at the top of the guideline range, the district court improperly penalized him for standing trial. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 McKinney was convicted, following a jury trial, for conspiracy, armed bank robbery, and using a firearm during a crime of violence. The district court sentenced him at the low end of his guideline range to concurrent terms of 46 months imprisonment on Counts 1 and 2, and a consecutive 60-month term on the firearm count. We affirmed McKinney's conviction, but vacated his sentence and remanded for the district court to award a reduction in his offense level for acceptance of responsibility. United States v. McKinney, 15 F.3d 849 (9th Cir.1994). On remand, the district court made a three-level downward adjustment for acceptance of responsibility and sentenced McKinney at the high end of his new guideline range to 41 months imprisonment on Counts 1 and 2.
 
 
 4
 McKinney contends that at resentencing the district court penalized him for not pleading guilty. This contention lacks merit.
 
 
 5
 We have jurisdiction to consider whether McKinney's sentence was imposed in violation of law. See United States v. Kohl, 972 F.2d 294, 299 (9th Cir.1992) (no authority to review sentence within guideline range unless it was imposed in violation of law).
 
 
 6
 "Whether harsher sentences were imposed as a punishment for a defendant's assertion of his right to trial is a mixed question of law and fact which we review de novo." United States v. Morris, 827 F.2d 1348, 1352 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988).
 
 
 7
 When plea negotiations have failed, the imposition of a longer term after a not guilty plea does not, without more, invalidate the sentence. Id. "However, where the court has 'taken a hand in' or 'was involved in' plea bargaining, or where the record contains statements that give rise to an inference of vindictive sentencing, we require that the record affirmatively show that 'no improper weight was given the failure to plead guilty.' " Id. (quoting United States v. Carter, 804 F.2d 508, 514 (9th Cir.1986)); see also McKinney, 15 F.3d at 852 (defendant not required to plead guilty to receive acceptance of responsibility reduction).
 
 
 8
 Similarly, unless circumstances indicate a reasonable likelihood that the imposition of a higher term after remand from an appellate court was vindictive, the defendant must prove actual vindictiveness. Alabama v. Smith, 490 U.S. 794, 799 (1989); cf. id. at 802 (citing North Carolina v. Pearce, 395 U.S. 711, 726 (1969)) (vindictiveness presumed where roughly the same sentencing information is available on remand).
 
 
 9
 Here, the district court imposed a shorter sentence on remand. Moreover, the circumstances do not otherwise indicate a reasonable likelihood that the court was vindictive. McKinney attempted to plead guilty to Counts 2 and 3 immediately before trial, but the district court would not let him. Accordingly, in McKinney's prior appeal, we held that "this is one of the unusual cases in which a defendant is entitled to an acceptance of responsibility reduction despite having pleaded not guilty." McKinney, 15 F.3d at 852. McKinney relies on the fact that at the sentencing hearing on remand, the district court questioned our finding that he would have pleaded guilty had there been an opportunity to do so. The district court, however, stated that it sentenced McKinney at the top of the guideline range "in light of the offense." Under these circumstances, a presumption of vindictiveness is not warranted, and McKinney has not established actual vindictiveness. See Smith, 490 U.S. at 799; Morris, 827 F.2d at 1352; see also Taylor v. Kincheloe, 920 F.2d 599, 608 (9th Cir.1990) (court may consider nature of offense in making sentencing decisions).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3