141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Glenn R. HADLAND, Defendant-Appellant.
 No. 97-35603.
D.C. Nos. CV-95-01590-CRD, CR-94-00373.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Carolyn R. Dimmick, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Glenn R. Hadland appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for conspiracy to commit mail fraud. We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Hadland contends his trial counsel was ineffective for failing to raise the statute of limitations as an affirmative defense during his guilty plea proceedings. In support of his argument, Hadland points out that during the plea hearing the information was amended to reflect that the offense conduct ceased in November of 1987. Counsel, however, agreed to this specific amendment in order to effectuate the provision of the plea agreement stating that Hadland would not be sentenced pursuant to the Sentencing Reform Act. Under pre-Guidelines law, counsel could argue for a probationary sentence and Hadland, if imprisoned, could become eligible for parole. Hadland has failed to make a showing sufficient to overcome the presumption that counsel's conduct might be considered sound strategy. See United States v. Span, 75 F.3d 1383, 1387 (9th Cir .1996).
 
 
 4
 To the extent Hadland argues he was unaware that the statute of limitations had run on the charges, the record belies his claim. The record contains two written waivers, signed personally by Hadland, of the statute of limitations defense.[1] We do not agree that the waivers were worded so ambiguously as to render his waiver involuntary.
 
 
 5
 Nor is there merit to Hadland's contention that counsel was ineffective for seeking a sentence under pre-Guidelines law because Hadland's sentencing range would have been lower under the Guidelines. As noted above, counsel could not have sought a probationary sentence under the Guidelines, nor would Hadland have been eligible for parole. Accordingly, even assuming Hadland might have been subject to a lower sentencing range under the guidelines, counsel was not ineffective for advising his client to agree that the Sentencing Guidelines did not apply to his case. See Span, 75 F.3d at 1387; cf. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) (holding that erroneous prediction by counsel of possible sentence did not constitute ineffective assistance of counsel).[2]
 
 
 6
 Hadland's contention that counsel was ineffective for failing to challenge the district court's restitution order for being beyond the offense of conviction or based on his inability to pay, is equally unavailing. Hadland agreed to the specific restitution amount as a part of his plea agreement. See 18 U.S.C.A § 3663(a)(3) (court may order restitution in any criminal case to extent agreed to by the parties in a plea agreement); United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (restitution may be ordered beyond offense of conviction where defendant agrees to such in a plea agreement).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Hadland's contention that the waivers are not a part of the district court record. Although the court initially struck the government's motion to augment the record, it subsequently found the waivers relevant to the issues raised by Hadland and exercised its discretion to consider them for purposes of his section 2255 motion
 
 
 [2]
 To the extent Hadland contends that his equal protection rights were violated by the failure of the court to equalize his sentence to that of a defendant sentenced under the Guidelines, the contention lacks merit. See generally United States v. Kohl, 972 F.2d 294, 299 (court's refusal to equalize the guidelines sentence of a defendant with that of a coconspirator not sentenced under the Guidelines did not violate equal protection clause)