141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
William Vester ANDERS, Defendant-Appellant.
 No. 97-10052.
D.C. No. CR-88-00184-2-OWW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Oliver W. Wanger, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Vester Anders appeals his conviction and 151-month sentence following a jury trial for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Anders's counsel filed a motion to withdraw as counsel of record and submitted a brief stating that there are no meritorious issues for review and referred to issues that might arguably support an appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We grant counsel's request to withdraw and affirm the district court's judgment.
 
 
 3
 The first issue Anders's attorney identified is whether there was sufficient evidence to convict Anders of conspiracy to manufacture methamphetamine. We review sufficiency of the evidence claims by viewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Jackson v.. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The government presented enough evidence at trial which could lead a reasonable jury to infer that an agreement existed between Anders and his coconspirators to manufacture methamphetamine. See United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991) (explaining that to prove a conspiracy, the government must prove that the defendant entered into "an agreement to accomplish an illegal objective"), see also United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987) (explaining that the government can prove the existence of a conspiracy through circumstantial evidence that defendants acted together in pursuit of a common goal). Accordingly, there was sufficient evidence to convict Anders of conspiracy.
 
 
 4
 The next issue Anders's attorney identified is whether the district court erred by refusing to grant a downward adjustment based on Anders's role in the offense. We uphold a district court's finding that a defendant does not qualify for minor participant status unless the finding is clearly erroneous. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). The district court determined that Anders was an active participant in the methamphetamine manufacture after he reviewed the trial testimony and exhibits. Accordingly, the district court's finding that Anders was not a minor participant was not clearly erroneous. See id.
 
 
 5
 The final issue Anders's attorney presented for review is whether the district court erred in sentencing Anders to a term of 151 months. The Sentencing Guidelines provide that the guideline range for a defendant with an offense level of 34 and criminal history category of 1 is 151 to 188 months. We lack jurisdiction to review Anders's sentence because it fell within the applicable guideline range. See United States v. Kohl, 972 F.2d 294, 299 (9th Cir.1992) (stating that we lack jurisdiction to review a lawful sentence imposed within the applicable guideline range).
 
 
 6
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no issue for review. Accordingly, the motion of counsel to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3