**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenny Ly KAING, a.k.a. Keng Ly Kaing, Defendant–Appellant.**

No. 05–10696.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2006.*

Filed Nov. 15, 2006.

Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Victor S. Haltom, Esq., Sacramento, CA, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Kenny Ly Kaing appeals his sentence, arguing that the district court committed plain error by retroactively applying an amendment to the United States Sentencing Guidelines in violation of the Ex Post Facto Clause. We affirm.

The district court only violated the *ex post facto* clause if "two critical elements [were] present: first, the law must be retrospective, that is, it must apply to events occurring before its enactment; and second, it must disadvantage the offender affected by it." *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (internal quotation marks and citation omitted). Kaing was disadvantaged when the district court used the amended MDMA-to-marijuana ratio, because he faced a longer sentence. The question is thus whether the district court applied the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

amended ratio to events occurring before the amendment became effective in June 2001.

In his objection to the presentence report, Kaing *"admitted* to the Government that he was a middleman in a conspiracy to distribute Ecstasy during the short period from April 2001 *through August 2001"* (emphasis added). Because Kaing admitted that his criminal conduct continued past the effective date of the amendment, the amended ratio was appropriate. The Ninth Circuit has held repeatedly that a Sentencing Guidelines amendment applies to crimes that continue past the amendment's effective date. *See United States v. Castro,* 972 F.2d 1107, 1111–12 (1992), *overruled on other grounds by United States v. Jimenez Recio,* 537 U.S. 270, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003); *U.S. v. Kohl,* 972 F.2d 294, 297–98 (1992); *U.S. v. Gray,* 876 F.2d 1411, 1418 (1989). No *ex post facto* problem arises in such situations. *Castro,* 972 F.2d at 1111–12; *Kohl,* 972 F.2d at 297–98. This precedent applies to Kaing's crimes because conspiracy is a "continuing offense" for Guidelines purposes. *U.S. v. Beardslee,* 197 F.3d 378, 388 (9th Cir.1999); *Castro,* 972 F.2d at 1112.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.