29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph RAMIREZ, Defendant-Appellant.
 No. 93-10238.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided July 22, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Joseph Ramirez appeals his sentence under the sentencing guidelines for his guilty plea conviction of conspiracy to possess with the intent to distribute 50-100 kilograms of marijuana in violation of 21 U.S.C. Sec. 846. Ramirez contends that (1) the district court erred in not sentencing him under pre-guidelines law; (2) the district court erred in calculating the quantity of marijuana and in determining his consequent base offense level; (3) the district court erred in increasing his sentence by two levels because of his managerial role in the offense pursuant to U.S.S.G. Sec. 3B1.1; and (4) the district court erred in refusing to decrease his offense level because of a mitigating role pursuant to U.S.S.G. Sec. 3B1.2. We have jurisdiction under 28 U.S.C. Sec. 1291, and reverse and remand.
 
 I.
 
 4
 Application of the Sentencing Guidelines.
 
 
 5
 Ramirez first argues that he should have been sentenced according to pre-guidelines law because he began the criminal activity for which he was convicted prior to the effective date of the guidelines, November 1, 1987. Ramirez asserts that the information provided by the confidential informant did not possess the "indicia of reliability" required under U.S.S.G. Sec. 6A1.3 because the informant only "believed" and "estimated" that the drug transaction involving Ramirez occurred in December of 1987. He further argues that his collection efforts in January and February of 1988 should not be considered overt acts in furtherance of the conspiracy because the main objective of the conspiracy was to possess with intent to distribute, which Ramirez asserts was completed prior to November 1, 1987. Furthermore, Ramirez argues that he withdrew from the conspiracy when he introduced the principal buyer John Scott Sarber to the suppliers.
 
 
 6
 A trial court's application of the Sentencing Guidelines is reviewed de novo. United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990). Ex post facto challenges are reviewed de novo. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992).
 
 
 7
 Offenses that bridge the guidelines' effective date have been termed "straddle offenses." In United States v. Kohl, 972 F.2d 294 (9th Cir.1992), this court held that a defendant who commits overt acts in furtherance of a conspiracy after the effective date of the guidelines cannot escape sentencing under the guidelines merely because the indictment included acts committed prior to November 1, 1987. Id. at 298. Count one of the indictment charged Ramirez with a conspiracy extending over the period January 1, 1987 to July 1, 1988, and referenced the overt acts in counts two, three, five, nine, ten and twenty-seven. Ramirez pled guilty to count one. Moreover, as the government notes, the indictment clearly sets forth six separate events occurring after November 1, 1987 which constitute acts in furtherance of a conspiracy. Pursuant to Kohl, Ramirez committed a "straddle offense" to which the guidelines apply.
 
 II.
 
 8
 Calculation of Drug Quantity and Base Offense Level.
 
 
 9
 Ramirez next argues that the government failed to meet its burden by a preponderance of the evidence of establishing the quantity of marijuana involved and attributable to him.
 
 
 10
 Application of the Sentencing Guidelines is reviewed de novo. United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990). Factual findings under the guidelines are reviewed for clear error. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 11
 In cases of joint criminal activity like the present case, the guidelines provide that the calculation of the base level offense should reflect the reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. U.S.S.G. Sec. 1B1.3(a)(1)(B). Moreover, where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. U.S.S.G. Sec. 2D1.1, comment. (n. 12). Ramirez argues that the sole evidence of the drug quantity (267 pounds) came from the confidential informant and lacks the requisite "indicia of reliability" as required by U.S.S.G. Sec. 6A1.3.[1] Instead, Ramirez argues that the court should have relied on his recollection, of 160 pounds, which he asserts has a higher indicia of reliability. No basis for clear error exists.
 
 III.
 
 12
 "Role in the Offense" Adjustments.
 
 
 13
 A. Two-Level Increase for "Organizer or Leader" Role in the Offense.
 
 
 14
 Ramirez next argues that he should not have received a two-level increase under U.S.S.G. Sec. 3B1.1 for an organizer or leader role in the offense because he was nothing more than a "middleman." We agree. The question of a defendant's role in a conspiracy is a question of fact that we review for clear error. United States v. Avila, 905 F.2d 295, 298 (9th Cir.1990).
 
 
 15
 U.S.S.G. Sec. 3B1.1 provides for a two-level increase "if the defendant was an organizer, leader, manager, or supervisor" in the criminal activity. Application Note 2 to Sec. 3B1.1 (as amended, November 1, 1993)[2] provides:
 
 
 16
 To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.
 
 
 17
 In addition, Application Note 4 provides in pertinent part:
 
 
 18
 Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 19
 The district court adopted the presentence report ("PSR") as its findings. The PSR assessed a two-level increase because:
 
 
 20
 Although the defendant is described as a middleman in the overall drug conspiracy, it appears he did have some managerial responsibilities in obtaining the marijuana and setting up the transaction with Sarber. Also, the defendant travelled to Idaho in an attempt to retrieve money owed to Ramirez and other codefendants. Because of the defendant's extensive involvement in the single marijuana transaction, the defendant is assessed a two level increase for his role in the overall offense as per guideline 3B1.1(c).
 
 
 21
 In addition, the addendum to the PSR provides:
 
 
 22
 The defendant's involvement in the organization following the marijuana transaction characterizes a participant who is able to exert some degree of control over others, and is not simply a courier, a middleman, or a gopher. Taped telephone conversations indicate the defendant's willingness to do whatever it takes to get the debt from Sarber, including physical harm to Sarber and extortion of his property.
 
 
 23
 The evidence advanced in the PSR does not suggest Ramirez exercised any decision making authority, recruited accomplices, claimed a larger share of money, or planned or organized the offense. Nor does the evidence suggest Ramirez exercised "management responsibility" over the property, assets or activities of the group. The PSR asserts that Ramirez was able to exert control over others, but does not advance any evidence that he actually did so. In total, the evidence suggests Ramirez was nothing more than a middleman who wanted to be paid. The trial court clearly erred under the circumstances when it assessed a two-level increase for an aggravating role under U.S.S.G. Sec. 3B1.1.
 
 
 24
 B. Reduction for "Minimal or Minor Participation."
 
 
 25
 Ramirez next argues that he should have been granted a reduction for minimal or minor participation in the offense pursuant to U.S.S.G. Sec. 3B1.2. Whether a defendant is a minor or minimal participant in a criminal offense under the particular facts of the offense is reviewed for clear error. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990).
 
 
 26
 The commentary to Sec. 3B1.2 provides that reductions for minimal participation are "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," and appropriate for "someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." The commentary further defines "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Although we find that the evidence in the PSR was insufficient to support assessing an increase for an organizer or leader role, we conclude that under the standards provided in the commentary, the trial judge did not clearly err in declining to reduce Ramirez' sentence for his role in the offense. As the background to Sec. 3B1.2 notes, "this section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." Ramirez bears the burden of proving the reduction is warranted, see United States v. Howard, 894 F.2d 1085, 1089-90 (9th Cir.1990), and the evidence put forth suggests at best that he may not have been as culpable as others in the offense. Reduction under Sec. 3B1.2 is not warranted solely because other codefendants are more culpable. United States v. Andrus, 925 F.2d 335, 337-38 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); see also United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir.1991) ("It is improper for a court to award a minor participation adjustment simply because a defendant does less than the other participants. Rather, the defendant must do enough less so that he at best was peripheral to the advancement of the illicit activity"), cert. denied, 112 S.Ct. 887 (1992).
 
 
 27
 The judgment of the district court is REVERSED and the case is REMANDED for resentencing consistent with this decision.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The amount of marijuana was based on an extrapolation of the purchase price of the marijuana for $160,000.00. The addendum to the presentence report notes that "[c]onsidering the controversy over the amount of marijuana, this officer gave the defendant the benefit of the doubt by limiting the base offense level to the [level in the] statute [to which] the defendant pled guilty, conspiracy to possess with intent to distribute marijuana of more than 50 kilograms but less than 100 kilograms." Response to Objection No. Seven, Addendum to Presentence Report, p 16
 
 
 [2]
 It is not clear whether this is a clarifying or substantive amendment. See United States v. Carrillo, 991 F.2d 590, 591-92 (9th Cir.), cert. denied, 114 S.Ct. 213 (1993) (appellate court may consider clarifying amendments but not substantive amendments to guidelines passed after sentencing). Because we hold that Ramirez would not have deserved the two-level increase under Sec. 3B1.1 even under the more stringent amended standard, however, we do not resolve the question whether the amendment is clarifying or substantive