**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Paul ROBERTSON, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Juan Paul ROBERTSON, Defendant–Appellee.**

Nos. 92–50395, 92–50460.

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1996.

250

Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.

T.G. NELSON, Circuit Judge:

The Supreme Court reversed our decision, reported at 15 F.3d 862 (9th Cir.1994), on the basis of its disagreement with our holding that the Government failed to prove the RICO enterprise affected interstate commerce. —— U.S. ——, 115 S.Ct. 1732, 131 L.Ed.2d 714 (1995). Since the Court did not address any of the other issues in the case, we reinstate our earlier decision, except for parts I, IIIA, IIIH, and the Conclusion. We replace those portions of the opinion with those included in this order and the accompanying unpublished memorandum.[1]

## I

## OVERVIEW

Juan Paul Robertson (Robertson) appeals his jury convictions for conspiracy and possession of cocaine with intent to distribute (Counts One through Four) and RICO (Count Six). We affirm the convictions but

---

* Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation.

1. We resolve the RICO issues raised by Robertson in an unpublished memorandum disposition filed contemporaneously herewith, which contains a revised part IIIA.

vacate the sentences and remand for resentencing.

## III

H.  Sentencing under the Guidelines

We must now address the sentencing issue not previously reached.

The district court sentenced Robertson to concurrent terms totalling twenty years under pre-Guidelines law. The Government cross-appealed the sentence, contending that because Robertson's RICO violation bridged the Guidelines' effective date of November 1, 1987, he should have been sentenced under the Guidelines.

■ A continuing course of criminal conduct which starts before November 1, 1987, and continues after that date is a so-called "straddle" offense properly sentenced under the Guidelines. *See United States v. Kohl,* 972 F.2d 294, 298 (9th Cir.1992) (drug conspiracy); *United States v. Castro,* 972 F.2d 1107, 1112 (9th Cir.1992) (same), *cert. denied,* 507 U.S. 944, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993); *United States v. Gray,* 876 F.2d 1411, 1418 (9th Cir.1989) (failure to appear), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990).

In *Kohl,* we rejected an *ex post facto* claim based on our finding that many of the overt acts in the drug conspiracy had occurred after November 1, 1987. 972 F.2d at 298. The Government could have charged Kohl with conspiracy based only on events occurring after November 1, 1987. Thus, the fact that some of the conspirators' conduct occurred before November 1, 1987, did not create an *ex post facto* problem. *Id.*

In *Castro,* we noted that conspiracy is an offense that continues "until there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy." 972 F.2d at 1112. The conspiracy continued in that case until the seizure of the cocaine and the arrest of the conspirators, which was after November 1, 1987. *Id.* There, as in *Kohl,* the crime was complete based only on conduct occurring after the effective date of the Guidelines.

This circuit has not yet decided whether a RICO violation is a continuing offense for purposes of "straddle" sentencing. Other circuits have held that the Sentencing Guidelines apply where the pattern of racketeering activity begins before and continues after November 1, 1987. *See, e.g., United States v. Moscony,* 927 F.2d 742, 754 (3d Cir.), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991); *United States v. Cusack,* 901 F.2d 29, 32 (4th Cir.1990). The Third Circuit in *Moscony* said that RICO is a "continuing offense directly analogous to the crime of conspiracy." 927 F.2d at 754 (quotations omitted).

However, in both *Moscony* and *Cusack,* the RICO charge was brought under 18 U.S.C. § 1962(c) which criminalizes the *conduct* of an enterprise through a pattern of racketeering activity. In that situation, if the defendant conducted the enterprise in violation of that section both before and after November 1, 1987, no *ex post facto* violation would occur in sentencing under the Guidelines. As the Fourth Circuit pointed out in *Cusack,* "[the] Sentencing Guidelines did not become law *after* the commission of the RICO crime, but instead took effect during the life of the continuing offense." 901 F.2d at 32.

■ The analytical framework of a charge brought under 18 U.S.C. § 1962(a) differs from one brought under § 1962(c).[2] Unlike § 1962(c), § 1962(a) prohibits not the engagement in racketeering acts to conduct an enterprise affecting interstate commerce, but rather the *use or investment of the proceeds* of racketeering acts to acquire, establish or operate such an enterprise. *See Nugget Hydroelectric v. Pacific Gas & Elec. Co.,* 981

---

2.  It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirect-ly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce....

18 U.S.C. § 1962(a).

F.2d 429, 437 (9th Cir.1992) (in a civil action under 18 U.S.C. § 1964(c) claiming a violation of § 1962(a), the plaintiff must allege injury resulting from use or investment of racketeering income), *cert. denied,* —— U.S. ——, 113 S.Ct. 2336, 124 L.Ed.2d 247 (1993). *And see United States v. Vogt,* 910 F.2d 1184, 1194 (4th Cir.1990) (in criminal action under 18 U.S.C. § 1962(a), the Government must show use or investment of racketeering proceeds), *cert. denied,* 498 U.S. 1083, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991). We conclude that a RICO violation under § 1962(a) *may* constitute a continuing offense for purposes of the straddle analysis if the Government demonstrates use or investment of proceeds in acquiring or operating the enterprise both before and after November 1, 1987.

■ Here, the Government charged only one act occurring after November 1, 1987, as a racketeering act which would bring the sentence under the Guidelines. Robertson instructed Sue Canada to deposit cash from a safety deposit box into the bank in amounts of less than ten thousand dollars. She did this on a number of occasions, the last of which was on November 2, 1987. This entire course of conduct, involving $102,000, was charged as structuring of deposits in violation of § 1956(a)(1)(B).

While violation of 18 U.S.C. § 1956(a)(1)(B)[3] is unquestionably a racketeering act for purposes of RICO, since it is specifically listed in § 1961, proof of this alone would not be enough to sustain a RICO conviction under § 1962(a), as the latter requires the government also to prove investment in the enterprise. Although the laundering of racketeering proceeds in order to facilitate their use in the RICO enterprise could arguably be a prelude to the use or investment of the proceeds and thus part of the RICO racketeering acts, the naked act of depositing money on November 2, 1987, even in violation of law, does not itself justify use of the Guidelines unless there is evidence that it was indeed part of the use or investment of income derived from racketeering activity.[4]

In support of its argument that sentence should have been imposed pursuant to the Guidelines, the Government points out that Robertson applied for a bank loan in June 1988. Robertson described himself in the application as president of Robertson Mining Company of Alaska and used as collateral the same home he used to obtain the 1986 loan. This may tend to show the continuing existence of the RICO enterprise in the face of Robertson's claim that he had divested himself of his interest in the mine when he divorced Eddra McCarthy. However, it does not show that income from the racketeering activity was invested or used in the operation of the mine on or after November 1, 1987.

Under the analysis in *Kohl,* the Government has to show that a complete offense could be charged based on conduct occurring after November 1, 1987, in order to avoid an *ex post facto* problem in sentencing under the Guidelines. *See also Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216 ("It is settled ... that any statute ... which makes more burdensome the punishment for a crime, after its commission ... is prohibited as *ex post facto.*"). Although proof of a pattern of racketeering activity is an essential part of a RICO prosecution, predicate acts do not by themselves constitute a violation of § 1962(a), which requires a further showing of use or investment in the enterprise after the Guidelines date.

---

3. Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

....

(B) knowing that the transaction is designed in whole or in part—
  (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

  (ii) to avoid a transaction reporting requirement under State or Federal law,
shall be sentenced....
18 U.S.C. § 1956(a)(1)(B).

4. We observe, however, that the terms of § 1962(a) are expansive, and as the Fourth Circuit has noted, do not require that the "tainted income ... be specifically and directly traced in proof ... from its original illegal receipt to its ultimately proscribed 'use or investment' by the defendant." *See Vogt,* 910 F.2d at 1194.

The Government has failed to sufficiently tie the post-November 1 conduct to an investment or operation of the RICO enterprise. The Government only charged one act after November 1, 1987, as a racketeering act that would trigger application of the Guidelines. The Government has not argued, or pointed to any evidence in the record which shows, that Robertson used the money from the November 2, 1987, deposit to directly or indirectly run the gold mine. Thus, the Government has failed to show that Robertson used or invested the proceeds of racketeering acts to acquire, establish or operate the gold mine both before and after November 1, 1987. Accordingly, the judge acted properly in rejecting the Government's request that Robertson be sentenced under the Guidelines.

## CONCLUSION

We AFFIRM all the convictions, but because the district court did not comply with Fed.R.Crim.P. 32, we VACATE the sentences and REMAND for resentencing.