**UNITED STATES of America, Plaintiff,**

v.

**Miguel Adolf VALDEZ–PACHECO, Defendant.**

**No. CR 88–24–01–HA.**

United States District Court, D. Oregon.

March 10, 2003.

**564**

Michael W. Mosman, United States Attorney, Frank Noonan, Assistant United States Attorney, Portland, OR, for plaintiff.

Gerald M. Needham, Assistant Federal Public Defender, Portland, OR, for defendant.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

Before the court is defendant's motion for a correction in sentence. For the following reasons, defendant's motion for a correction in sentence is granted pursuant to Federal Rule of Criminal Procedure 35 and this court's continuing obligation to comply with the Ninth Circuit remand in this case.

## BACKGROUND

Following a jury trial in 1989, defendant was convicted of eight-counts of drug-trafficking, including engaging in a continuing criminal enterprise (Count 1), in violation of 21 U.S.C. § 848, and conspiracy to possess cocaine with intent to distribute (Count 2), in violation of 21 U.S.C. § 846. Defendant was sentenced to 360 months on Count 1, 240 months on Count 2, and 240 months on Counts 3, 4, 9, and 10 (possession and distribution of cocaine and heroin), all to be served concurrently.

On direct appeal, the Ninth Circuit ordered this court to stay entry of the judgment and imposition of the sentence on the conspiracy count. *United States v. Valdez–Pacheco*, 935 F.2d 277, 1991 WL 94363 (9th Cir.1991) (unpublished memorandum opinion) (citing *United States v. Palafox*, 764 F.2d 558, 564 (9th Cir.1985) (en banc)). On May 7, 1992 following the Ninth Circuit remand, this court stayed the judgment and sentence on the conspiracy count but failed to recalculate defendant's sentence. Defendant brought several direct and collateral attacks to his conviction and sentence following the court's May 7, 1992, action. However, none of the subsequent motions raised the issue considered here.[1]

## DISCUSSION

Based on the relevant sentencing guidelines at the time of defendant's conviction, the base offense level for the continuing criminal enterprise count was 32. An adjusted offense level of 42 for the conspiracy count was determined by the following factors: (1) the quantity of controlled substances involved; (2) a two-level increase for possession of a firearm; and (3) a four-level upward adjustment for defendant's role in the offense. Due to a multiple count adjustment requirement, the higher offense level of 42 (for the conspiracy), rather than 32 (the normal base offense level for a continuing criminal enterprise), was used to calculate defendant's guideline range for the continuing criminal enterprise conviction. *See* U.S.S.G. § 3D1.2(b). Thus, in the absence of any grouping, defendant's base offense level for the continuing criminal enterprise count

---

1. Defendant's February 14, 1997, and March 7, 1997, motions did assert a claim for relief under Rule 35. The District Court denied the motions and no appeal was taken. However, those Rule 35 motions attacked the applicability of the federal sentencing guidelines to defendant and did not raise any of the issues considered here regarding the District Court's failure to recalculate defendant's sentence following the stay of the conspiracy count.

would have been 32. With the presence of the conspiracy count, however, the offense level for the continuing criminal enterprise count increased from 32 to 42. A base offense level of 32 with a Criminal History Category of II produces a guideline range of 135 to 168 months. An adjusted offense level of 42 with a Criminal History Category of II produces a guideline range of 360 months to life.

Defendant challenges the imposition of the 360 month sentence on the continuing criminal enterprise count. The Ninth Circuit remand stayed the conspiracy count. Therefore, defendant argues, the base offense level for the continuing criminal enterprise count should not have been grouped with the stayed conspiracy count. According to defendant, the District Court imposed the exact same sentence of 360 months for the continuing criminal enterprise count, despite the need to recalculate the base offense level because of the Ninth Circuit's stay of the conspiracy count. Therefore, defendant alleges that the sentence is illegal because it exceeds the maximum range established by the federal sentencing guidelines.

The government concurs with defendant that the District Court illegally grouped the two counts and imposed the higher offense level on the continuing criminal enterprise count:

> The government agrees that the original sentence in this case should have been recomputed after remand by the Ninth Circuit. That is, given the stay of the judgment and conviction on the conspiracy count, the multiple counts calculation contained in the original presentence report should not have included the enhancements for role in the offense or for use and possession of a firearm during a drug felony.

Government's Response to Defendant's Motion to Correct Sentence at 2.

Therefore, both parties agree that the District Court erred in sentencing defendant to 360 months on the continuing criminal enterprise count, rather than imposing a sentence in the range of 135 to 168 months. Because all parties stipulate to the illegality of the sentence following the Ninth Circuit remand, the only issue before this court is whether defendant is procedurally barred from attacking the sentence.

### A. Application of the Former Rule 35

■ Rule 35 of the Federal Rules of Criminal Procedures was amended concurrently with the implementation of the federal sentencing guidelines, which came into effect on November 1, 1987. The former Rule 35 stated:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

The former Rule 35 does not apply to this case. The continuing criminal enterprise count represents a "straddle" offense whereby overt acts involved in the offense occurred both prior to and following November 1, 1987. Count 1 of the superceding indictment alleged continuing criminal conduct from January 1, 1985, through February 24, 1988. In its August 1, 1997, order, the District Court concluded that sufficient evidence was produced at trial to support a finding that the criminal enterprise continued after November 1, 1987, such that the continuing criminal enterprise count was a straddle offense. Therefore, the court held, the federal sentencing guidelines were applicable to defendant's conviction. *See United States v. Robertson*, 73 F.3d 249, 251 (9th Cir.1996); *United States v. Kohl*, 972 F.2d 294, 297–98 (9th Cir.1992).

This court finds that the former Rule 35 does not provide defendant a basis for relief because the continuing criminal enterprise count was a straddle offense. Defendant's motion for a correction in sentencing pursuant to the former Rule 35 is denied. *See Kohl*, 972 F.2d at 298.

### B. Application of the Amended Rule 35

■ The version of Rule 35 applicable at the time of the Ninth Circuit remand [2] man-

---

**2.** Defendant's motion for a correction in sen-

tence was filed on October 22, 2002. The court

dates the District Court to correct an illegal sentence on remand from the Court of Appeals. The only section relevant to this case is Rule 35(a):

> The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court–
>
> > (1) for imposition of a sentence in accord with the findings of the court of appeals; or
> >
> > (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

The language of the Rule is unambiguous: "the court *shall* correct a sentence" on remand that was determined by the Court of Appeals to have been imposed illegally. On June 3, 1991, the Ninth Circuit determined that defendant was unlawfully convicted and cumulatively punished for the same prohibited conduct (*i.e.* Count 1: continuing criminal enterprise; and Count 2: conspiracy). *United States v. Valdez–Pacheco*, 935 F.2d 277, 1991 WL 94363, (9th Cir.1991) (unpublished memorandum opinion). The case was remanded to this court "to avoid double punishment" of Counts 1 and 2. This court has not yet complied with the Ninth Circuit's remand. The current sentence of 360 months was calculated by coupling Counts 1 and 2, which produced an elevated offense level. In this fashion, the sentence defendant is currently serving constitutes "double punishment" for the same prohibited conduct, in violation of the Ninth Circuit remand.

"We recognize that 'our general practice ... is to vacate the *entire sentence* and remand for resentencing whenever we find that a sentence was imposed in excess of the

bases its decision on the Federal Rules of Criminal Procedure applicable as of the date the motion was filed and as of May 7, 1992, the date the District Court acted pursuant to the Ninth Circuit remand. On December 1, 2002, the section of Rule 35 regarding the correction of sentences after remand was eliminated. According to the Advisory Committee Notes for the December 1, 2002, changes, "[T]he Committee concluded that

sentencing court's authority.' " *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir.1994) (citing *United States v. Caterino*, 29 F.3d 1390, 1394–95). "In such cases, the district court is *empowered to address all sentencing issues following remand.*" *Id.* (emphasis added).

Because the Ninth Circuit's remand was never followed, this court maintains a continuing obligation to correct the sentence that all parties agree was imposed illegally. Accordingly, the revised adjusted offense level for Count 1 is 32. A base offense level of 32 with a Criminal History Category of II produces a guideline range of 135 to 168 months. On Count 1, defendant is committed to the custody of the Bureau of Prisons for imprisonment for a period of 168 months. The conviction and sentence associated with Count 2 are stayed. It is ordered that this sentence shall run concurrently with Counts 3, 4, 9, 10, 11, and 12, contained in the May 7, 1992, judgment. Except for Counts 1 and 2, the remaining terms of the May, 7, 1992, judgment shall govern the conditions of defendant's imprisonment and release.

## CONCLUSION

For the foregoing reasons, defendant's motion for a correction of sentence is granted. Defendant's sentence for Count 1 is recalculated to 168 months, to run concurrently with Counts 3, 4, 9, 10, 11, and 12.

IT IS SO ORDERED.

Rule 35(a) was no longer needed. First, the statute [18 U.S.C. § 3742] clearly covers the subject matter and second, it is not necessary to address an issue that would be very clear to a district court following a decision by a court of appeals." Thus, even in the absence of Rule 35(a), the same analysis governs this decision because it is "very clear" that this court never complied with the Ninth Circuit remand.