53 P.3d 1153

STATE of Arizona, Respondent,

v.

Clarence W. HELMER, Petitioner.

No. 1 CA–CR 01–0583 PR.

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 24, 2002.

R. Glenn Buckelew, La Paz County Attorney By Martin Brannan, Chief Deputy County Attorney, Parker, Attorneys for Respondent.

Clarence W. Helmer, Florence, In Propria Persona.

## OPINION

TIMMER, Judge.

¶ 1 Clarence William Helmer petitions this court to review the trial court's summary dismissal of his petition for post-conviction relief. He argues the court erred by dismissing his petition because his sentence for failing to timely register as a sex offender pursuant to Arizona Revised Statutes ("A.R.S.") section 13–3821 (Supp.1998) violates constitutional bans against *ex post facto* laws. Specifically, he contends that because he committed the offense before the legisla-

ture changed the crime from a class six to a class four felony, thereby increasing the sentence for offenders, the court erred by refusing to sentence him for committing a class six felony.

¶2 To resolve Helmer's appeal, we must decide whether the offense of failing to register as a sex offender is complete upon an offender's initial failure to timely register his status, or whether the violation is a continuing offense. For the reasons that follow, we decide the offense is a continuing one. Because Helmer continued to fail to register as a sex offender after the legislature designated the crime as a class four felony, the trial court did not err by sentencing him under that classification. Thus, although we grant review of Helmer's petition, we deny relief.

## BACKGROUND

¶3 In 1996, an Oklahoma court convicted Helmer of two counts of sexual abuse by a caretaker. The court sentenced Helmer to nine years' imprisonment on each count, but then suspended these sentences except as to the first twelve months, during which time he was to be held in the county jail. Upon completion of the twelve month sentence, he was placed on supervised probation. Helmer was released from supervised probation in March, 1998.

¶4 On March 16, 1998, Helmer moved to La Paz County, Arizona, and resided there at all times pertinent to this action. Pursuant to A.R.S. § 13–3821(A) (Supp.1997), Helmer was required to register as a sex offender with the La Paz County sheriff within ten days "after entering and remaining" in the county, which he failed to do. As of March 16, 1998, a person who violated § 13–3821(A) was guilty of a class six felony. A.R.S. § 13–3824 (Supp.1997). Effective August 21, 1998, however, the legislature amended § 13–3824 and made failure to comply with the sex offender registration requirements a class four felony. 1998 Ariz. Sess. Laws, ch. 291, § 3.

¶5 On June 6, 2000, the State indicted Helmer on one count of failing to register as a sex offender from March 16, 1998 through June 4, 2000, in violation of A.R.S. §§ 13–3821 and –3824. The State designated the offense as a class four felony. Helmer pled guilty to the charge on August 21, 2000, and the trial court sentenced him to an aggravated prison term of three years.

¶6 In post-conviction-relief proceedings, Helmer argued the court erred by sentencing him based on his conviction of a class four felony rather than a class six felony. He therefore asked the court to resentence him. The court denied relief to Helmer, and his petition to this court followed.

## DISCUSSION

¶7 The *ex post facto* provisions of the Arizona and federal constitutions [1] prohibit our government from enacting laws that increase the penalty for a previously committed crime. *See State v. Noble*, 171 Ariz. 171, 173–74, 829 P.2d 1217, 1219–20 (1992). Helmer argues that because he violated A.R.S. § 13–3821 when it was designated a class six felony, the trial court violated the *ex post facto* provisions by imposing a sentence for commission of a class four felony. The State responds that Helmer's violation of § 13–3821 was not complete before the effective date of the re-classification of the crime, and, therefore, the court validly sentenced him for committing a class four felony. Our resolution of this issue depends on whether the offense of failing to register as a sex offender is complete one day after the prescribed ten-day registration period expires, or whether it is a continuing offense. If the former, Helmer's sentence violated the *ex post facto* provisions and must be vacated.

¶8 In contrast to the instantaneous nature of most crimes, a "continuing offense" endures over a period of time, and its commission is ongoing until cessation of the proscribed conduct. *Wright v.Super. Ct.*, 15

---

1. The Arizona Constitution provides that "[n]o ... ex-post-facto law ... shall ever be enacted." Ariz. Const. art. 2, § 25. The United States Constitution provides that "[n]o State shall ... pass any ... ex post facto Law ...." U.S. Const. art. I, § 10, cl. 1. We interpret the *ex post facto* clause in the Arizona Constitution similarly to the *ex post facto* clause in the United States Constitution. *State v. Noble*, 171 Ariz. 171, 173, 829 P.2d 1217, 1219 (1992).

Cal.4th 521, 63 Cal.Rptr.2d 322, 936 P.2d 101, 103 (1997) (citations omitted); *see, e.g., United States v. Cores*, 356 U.S. 405, 408–09, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958) (holding law prohibiting undocumented crewman from willfully remaining in United States for more than 29 days under provisional landing permit was continuing offense and did not achieve finality until crewman left country). Because continuing offenses extend limitation periods applicable to prosecuting violations, the Supreme Court has held that the concept "should be applied in only limited circumstances," such as when required by "the explicit language of the substantive criminal statute" or "the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970) (deciding refusal to timely register for military draft not a continuing offense). Thus, to resolve the issue before us, we examine both the language of A.R.S. § 13–3821 and the nature of the described offense.

■ ¶ 9 Although the legislature did not expressly state that a violation of the registration requirements of § 13–3821 constitutes a continuing offense, the language of that provision reflects this intention. First, with exceptions,[2] a person required to register under that provision must do so for life. *State v. Lammie*, 164 Ariz. 377, 383, 793 P.2d 134, 140 (App.1990). Second, the registration requirements include duties to annually obtain an identification or driver license, be photographed, and provide proof of the person's address. A.R.S. § 13–3821(G), (H). Thereafter, the motor vehicle division of the department of transportation is required to make a copy of the updated photograph available to the criminal identification section of the department of public safety or to any law enforcement agency. *Id.* Thus, the language of § 13–3821 imposes continuing, lifetime duties on those required to register and not subject to an exception, thereby reflecting the legislature's intent that any violation

of the registration requirements is a continuing offense. *See Wright*, 63 Cal.Rptr.2d 322, 936 P.2d at 103 (citation omitted) (" 'Ordinarily, a continuing offense is marked by a continuing duty in the defendant to do an act which he fails to do. The offense continues as long as the duty persists, and there is a failure to perform that duty.' ").

¶ 10 The nature of the registration requirements also supports a conclusion that the legislature intended a violation of § 13–3821 to be a continuing offense. Section 13–3821(G) requires a registrant to give identifying information to the sheriff, including all names by which the person is known. The sheriff is directed to fingerprint and photograph the person and send copies together with the other information submitted by the registrant to the criminal identification section within the department of public safety and the chief of police, if any, of the registrant's community. A.R.S. § 13–3821(G). As previously described, *supra* ¶ 9, the registrant is required to annually provide updated information to the motor vehicle division.

¶ 11 Our supreme court has stated that these registration requirements serve a regulatory purpose by giving law enforcement a current record of the identity and location of registrants. *Noble*, 171 Ariz. at 177, 829 P.2d at 1223 (citations omitted). Thereafter, when new sexual offenses are committed, the police could use the registration information "to facilitate apprehension once there is probable cause to arrest a specific registrant." *Id. Compare Wright*, 63 Cal.Rptr.2d 322, 936 P.2d at 104 (citations omitted) (" 'The purpose of [California's registration statute] is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.' "). Because this purpose would be entirely thwarted if a person is relieved of the duty to register by failing to do so within the prescribed ten-day period, we decide our

---

2. Any duty of juvenile offenders to register terminates when the person reaches the age of twenty-five years. A.R.S. § 13–3821(D),(F) (Supp.2000). A person required to register because of a conviction for unlawfully imprisoning or kidnapping a minor is only required to register for a period of ten years from the date he or she completes the terms of the imposed sentence. A.R.S. § 13–3821(K).

legislature "must assuredly have intended" the registration duties of § 13–3821 to be ongoing and that any violation of that provision be a continuing offense. *See Toussie,* 397 U.S. at 115, 90 S.Ct. 858. Additionally, a contrary view would be a signal to sex offenders to "lie low" until the applicable limitation period for prosecution for the violation has passed. *See Wright,* 63 Cal.Rptr.2d 322, 936 P.2d at 105 (citation omitted).

¶ 12 In summary, we hold that the explicit language of A.R.S. § 13–3821 and the nature of the crime involved evidence the legislature's intention that a violation of that provision is a continuing offense that achieves finality only when the offender satisfies the prescribed registration requirements.[3] Because Helmer continued to violate § 13–3821 after the legislature had designated it a class four felony, the court did not violate *ex post facto* principles by sentencing him for committing a class four felony. *See Wright,* 63 Cal.Rptr.2d 322, 936 P.2d at 102 (holding no *ex post facto* violation for prosecuting failure to register as sex offender as a felony although it was misdemeanor at time defendant initially failed to register); *see also United States v. Kohl,* 972 F.2d 294, 298 (9th Cir.1992) (new federal sentencing guidelines applied to defendant who was charged in indictment with committing crime of conspiracy both before and after the effective date of the guidelines).

## CONCLUSION

¶ 13 For the foregoing reasons, we grant review of Helmer's petition for review but deny relief. We hold that the offense of failing to register as a sex offender under A.R.S. § 13–3821 is a continuing offense. Therefore, the trial court did not violate the *ex post facto* provisions of the state and federal constitutions by punishing Helmer for committing a class four felony even though the crime was designated a class six felony at the time Helmer initially violated § 13–3821 by failing to timely register.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and JON W. THOMPSON, Judge.

---

3. Other courts have reached similar decisions. *See State v. Goldberg,* 819 So.2d 123, 125 (Ala. Crim.App.2001) (deciding offense of failing or refusing to register as sex offender is continuing offense for purposes of tolling statute of limitations); *Wright,* 63 Cal.Rptr.2d 322, 936 P.2d at 102 (holding sex offender registration violation a continuing offense); *In re Parks,* 184 Cal.App.3d 476, 229 Cal.Rptr. 202, 204–05 (1986) (concluding violation of law requiring sex offenders to register within 30 days of moving to a new community was a continuing offense and the one-year statute of limitations did not begin to run until the violation terminated).