933 So.2d 119 (2006)
Harry S. LIEBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4153.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
Rehearing Denied July 11, 2006.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Lieble, a five-time convicted sex offender in California, appeals his conviction for failure to register as a sex offender in Florida. He argues that the trial court erred in denying his motion to dismiss because his prosecution was barred by the three-year statute of limitations. We affirm.

Facts
The State filed an information against Lieble for failure to register as a sex offender within 48 hours after establishing a permanent or temporary residence in Florida, in violation of sections 943.0435(2) and (9), Florida Statutes. It alleged that the crime occurred on the day he was arrested, April 23, 2005.
Lieble filed a motion to dismiss, arguing that the prosecution should be barred because the three-year statute of limitations had expired. In support of his argument, Lieble alleged that he obtained a Florida driver's license on January 10, 2002. Thus, Lieble claimed that prosecution had not commenced until after the three-year limitation period had expired.
At a hearing on the motion, the State and defense stipulated that Lieble obtained a Florida driver's license more than three years before the State commenced its prosecution. Lieble argued that the *120 limitations period for failure to register as a sex offender begins to run within 48 hours after the offender establishes a temporary or permanent residence. The State argued that the offense continues until the State discovers it or the offender registers.
The trial court denied the motion to dismiss, finding that the legislative purpose of the law was to prohibit a continuing course of conduct by sex offenders. Lieble pleaded no contest to the charge while reserving his right to appeal the denial of the dispositive motion to dismiss. After sentencing, Lieble timely appealed.

Analysis
We review this issue de novo as it involves an issue of statutory construction. S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004). Section 943.0435(2)(a), Florida Statutes (2005), requires persons designated as sexual offenders to report in person at an FDLE office or local sheriff's office within 48 hours after establishing permanent or temporary residence in this state. Failure to report is a third degree felony. § 943.0435(9)(a), Fla. Stat. (2005). A prosecution for a third degree felony must be commenced within three years after it is committed. § 775.15(2)(b), Fla. Stat. (2005). Section 775.15(3) defines when a crime is committed, as follows:
An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.
The sole issue before this Court is one of first impression: whether Lieble's offense was committed 48 hours after he established a residence in Florida on January 10, 2002, or his offense continued until the police discovered the violation. If it was complete 48 hours after establishing residency, the limitations period began on January 13, 2002, and ended January 13, 2005, before the prosecution commenced. If the crime was continuing in nature, the limitations period arguably began when police learned of the violation in April 2005.
Pursuant to the requirement in section 775.15(3) that a legislative purpose to prohibit a continuing course of conduct "plainly appear" in order to construe this crime as continuing in nature, the trial court found that the legislative purposes and comprehensive provisions of section 943.0435 "compel the conclusion" that the Legislature intended to treat this crime as continuing in nature. In support of this finding, the court noted that section 943.0435, Florida Statutes (2005), requires sexual offenders to report after establishing or changing a name, a residence, employment or enrollment at an institution of higher learning. See §§ 943.0435(2)(a), (2)(b), (4)(b), and (7), Fla. Stat. (2005). The court also noted the express statutory requirement that sexual offenders must maintain registration with the department for life. § 943.0435(11). Finally, the court noted the Legislature's express finding that sexual offenders pose a high risk of engaging in sexual offenses after being released from custody and that protecting the public from sexual offenders is a "paramount government interest." § 943.0435(12). We agree with the trial court that these provisions support the conclusion that the Legislature intended to make failure to register as a sex offender a continuing crime.
We also note that although no Florida cases have addressed the issue of whether failure to register as a sex offender is a continuing offense, courts from five other states (Alabama, Alaska, Arizona, California, and Colorado) have addressed it and all have concluded that failure to register *121 as a sex offender is a continuing offense. See People v. Lopez, 2005 WL 3211641, ___ P.3d ___ (Colo.Ct.App.2005)[1]; State v. Hawkins, 39 P.3d 1126 (Alaska Ct.App. 2002); State v. Helmer, 203 Ariz. 309, 53 P.3d 1153 (2002); State v. Goldberg, 819 So.2d 123 (Ala.Crim.App.2001); Wright v. Superior Court, 15 Cal.4th 521, 63 Cal. Rptr.2d 322, 936 P.2d 101 (1997).
In construing statutes similar to Florida's registration statute, these cases have held that failure to register as a sex offender is a continuing offense for several reasons that also apply in this case. First, the express statutory language creates a continuing duty to register, which evinces an intent to treat failure to register as a continuing offense. § 943.0435(11); Lopez, 2005 WL 3211641, at *3, ___ P.3d at ___; Hawkins, 39 P.3d at 1128; Helmer, 53 P.3d at 1155; Goldberg, 819 So.2d at 125; Wright, 63 Cal.Rptr.2d 322, 936 P.2d at 104.
Second, the Legislature has expressly recognized that sex offenders present an ongoing danger to society. § 943.0435(12); Lopez, 2005 WL 3211641, at *3, ___ P.3d at ___; Hawkins, 39 P.3d at 1130; Helmer, 53 P.3d at 1155; Goldberg, 819 So.2d at 125-26; Wright, 63 Cal.Rptr.2d 322, 936 P.2d at 104. Third, failure to register meets the traditional definition of a continuing crime, which is commonly defined as an offense marked by a continuing duty in the defendant to do an act which he fails to do. Lopez, 2005 WL 3211641, at *3, ___ P.3d at ___; Helmer, 53 P.3d at 1155-56; Goldberg, 819 So.2d at 125; Wright, 63 Cal.Rptr.2d 322, 936 P.2d at 103-04. Fourth, to hold otherwise would produce an absurd result not reasonably contemplated by the Legislature and one which eviscerated the statute. Lopez, 2005 WL 3211641, at *3, ___ P.3d at ___; Helmer, 53 P.3d at 1155-56; Goldberg, 819 So.2d at 131; Wright, 63 Cal.Rptr.2d 322, 936 P.2d at 105.
Fifth, making failure to register a continuing offense recognizes the fact that convicted sex offenders often have a transitory lifestyle or deliberately attempt to keep their movements secret and thus avoids the problem of proving when the offender moved. Wright, 63 Cal.Rptr.2d 322, 936 P.2d at 103-07. In the instant case, Lieble admitted to police that he failed to register because he did not have a home and had been moving from hotel to hotel since moving to Florida. Accordingly, we find the analysis in these cases applies to the instant statute and further supports our conclusion that failure to register as a sex offender is a continuing crime.
Lieble relies solely on Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), superseded by statute as noted in U.S. v. Eklund, 733 F.2d 1287 (8th Cir.1984). We note also that five of the six out-of-state cases cited above expressly distinguished Toussie in determining that failure to register as a sex offender was a continuing crime. We agree with these cases, that Toussie does not control our decision.
The Goldberg court concluded that:
A consideration of the express language of the statute, the nature of the offense, and the objectives of requiring sex offenders to register leads us to the conclusion that noncompliance with § 13A-11-200, Ala.Code 1975, constitutes a continuing offense. A sex offender's failure to register, and the continued act of remaining unregistered, would significantly *122 impair the purpose of the statute and the Legislature's intent in creating the register. Therefore, we hold that the limitations period set forth in § 15-3-1, Ala.Code 1975, does not bar the prosecution in this case. To hold otherwise would thwart the Legislature's intent, eviscerate the statute, and encourage sex offenders to "lay low" and wait for the limitations period to expire.
Goldberg, 819 So.2d at 131.
Based on the express language of the statute, the legislative intent behind the statute, the nature of the offense and the overwhelming weight of authority from other states, we conclude, as the trial court did, that the crime of failure to register as a sex offender is continuing in nature. We therefore affirm the conviction.
AFFIRMED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] This case has not yet been released for publication in the permanent law reports and is currently only available on Westlaw.