PER CURIAM.
Tony Lekendrick Bostic appeals a judgment of conviction for three counts of failure to register as a sex offender in vi *536 olation of section 943.0435(14), Florida Statutes (2006). Bostic argues that these multiple convictions for failure to report as a sex offender result in double jeopardy. We do not agree. Appellant was obligated to report upon release from incarceration under section 943.0435(2) and on the month of his birth and every six months thereafter under section 943.0435(14). Even if failure to report is considered a continuing offense, see Lieble v. State, 933 So.2d 119 (Fla. 5th DCA 2006), each failure to report constituted a new violation of the applicable reporting statute and a separate offense, not part of “one criminal episode or transaction.” § 775.021(4)(b), Fla. Stat. (2006); compare People v. Meeks, 123 Cal.App.4th 695, 705-06, 20 Cal.Rptr.3d 445, 452-53 (Cal.Ct.App.2004) (explaining each failure to report on a sex offender’s birthday is a separate offense and the failure to punish an offender for each failure to report as required frustrates the purpose of the sex offender reporting law).
Accordingly, we affirm.
VAN NORTWICK, HAWKES, and MARSTILLER, JJ., concur.