Kaplan, Mitchell H., J.
The defendant, David John Maloney, has moved to dismiss four indictments returned against him by a Norfolk County grand jury on February 3, 2011, charging him with violations of G.L.c. 6, §178H. For the reasons stated below, the motion is ALLOWED, in part, and DENIED, in part.
BACKGROUND
I.Facts
The following facts are drawn from the statement of the case filed by the Commonwealth. For purposes of this motion, the defendant does not dispute them.
On October 4, 1993, the defendant was convicted of indecent assault and battery on a person over fourteen, a “sex offense” as defined by G.L.c. 6, §178C. As a result of this conviction, the defendant was required to register as a sex offender. In 2004, the Sex Offender Registry Board classified the defendant as a Level 2 sex offender. Thereafter, the defendant had to register in person at his local police station. He did so many times at various police stations. On September 3, 2009, the defendant registered with the Quincy Police Department. He listed his residence as “homeless” and reported that he would be staying at Father Bill’s homeless shelter on 38 Broad Street. A Quincy detective instructed the defendant to return forty-five days later to re-register, as required by G.L.c. 6, §178Fl/2. The defendant failed to do so. Some time later, the Quincy Police Department was advised that he had not checked into Father Bill’s since a day in August 2009. A parole warrant issued for the defendant’s arrest.
On June 28, 2010, theAttleboro police investigated an incident at 192 Maple Street in Attleboro. The defendant was present at the residence and provided officers with a false name and social security number. He claimed to reside at a different address in Attleboro. By means not disclosed in the record, the Attleboro police determined the defendant’s true identity. On July 1, 2010, they learned of the parole warrant for his arrest. The Attleboro police arrested the defendant on August 18, 2010.
II. The Attleboro Conviction
On July 2, 2010, the Commonwealth filed a criminal complaint in Attleboro District Court charging the defendant with a single count, as follows: “On 07/02/2010 being a sex offender, as defined in G.L.c. 6, §178C, who was required to register pursuant to G.L.c. 6, §§178C-178P: (1) did knowingly fail to register; or (2) did knowingly fail to verify registration information; or (3) did knowingly fall to provide notice of a change of address; or (4) did knowingly provide false information, the defendant having previously been convicted of such an offense, in violation of G.L.c. 6, §178H(a)(2).” The defendant eventually pleaded guilty to a reduced charge of failure to register as a sex offender. He was sentenced to a term of incarceration in a house of correction.
III. The Norfolk Indictments
On February 3, 2011, a Norfolk County grand jury returned four indictments against the defendant.[1] The first indictment charged that the defendant, “on or about and between October 2, 2009, and August 18, 2010 . . . being a level 2 sex offender pursuant to M.G.L.c. 6, §178K, and being a sex offender as defined in M.G.L.c. 6, §178C, who was required to register pursuant to M.G.L.c. 6, §§178C-178P, did knowingly fail to register his address, in violation of M.G.L.c. 6, §178H(a)(l).” The second indictment alleged that the defendant, “on or about September 3, 2009 . . . being a level 2 sex offender pursuant to M.G.L.c. 6, §178K, and being a sex offender as defined in M.G.L.c. 6, §178C, who was required to register pursuant to M.G.L.c. 6, §§178C-178P, did knowingly provide false information, in violation of M.G.L.c. 6, §178H(a)(l).” The third indictment charged the defendant with failing to register his address, as a subsequent offender in violation of G.L.c. 6, §178H(a)(2). The fourth indictment charged the defendant with providing false in *28 formation, as a subsequent offender, also in violation of G.L.c. 6, §178H(a)(2). The defendant now moves to dismiss these indictments on double jeopardy-grounds. He argues that he was already placed in jeopardy for the alleged offenses in Attleboro and convicted of them, following his guilty plea.
IV. The Commonwealth’s Motion to Amend the Indictments
The Commonwealth has moved to amend its first and third indictments to replace the last date of the offense, “August 18, 2010,” with the date “July 1, 2010.” In support of its motion, the Commonwealth states:
The defendant was convicted and sentenced on April 12, 2011 in Attleboro District Court on docket # 1034CR002077 for a violation of M.G.L.c. 6, §178H(a)(l), failure to register as a sex offender, first offense. On said complaint, the date of offense is noted as July 2, 2010. Prosecuting the defendant for violating the registration laws of July 2, 2010 on the above-captioned indictments potentially violates the double jeopardy clause of the Fifth Amendment to the United States Constitution, as well as the common law of the Commonwealth of Massachusetts. Accordingly, the Commonwealth moves to amend the end-date of the offense from August 18, 2010 to July 1, 2010.
The Commonwealth’s motion appropriately states that the indictments, as presently pled, “potentially" violate the principles of double jeopardy. The court grants the Commonwealth’s motion, but, for reasons explained below, concludes that the amendment does not cure the double jeopardy problem with respect to these indictments.
DISCUSSION
I. The First and Third Norfolk Indictments
The first and third indictments, as amended, charge the defendant with failing to register his address between October 19, 2009, and July 1, 2010. The Commonwealth argues that this violation of G.L.c. 6, §178H(a), is “separate and distinct” from the defendant’s Attleboro offense, due to the fact that “the Attleboro case alleges that the offense occurred on July 2, 2010.” See Commonwealth’s Opp., p. 1-2. The question before the court is whether a defendant’s ongoing failure properly to register as a sex offender constitutes a single crime, or multiple crimes. This appears to be a matter of first impression in Massachusetts. However, ample case law addressing related topics guides the court’s analysis of this issue.
A. The Same Evidence Test
Massachusetts courts apply the “same evidence” test to determine when a double jeopardy concern exists. Commonwealth v. Rabb, 431 Mass. 123, 127 (2000). The Supreme Judicial Court has explained that the same evidence test “asks whether the convicted offenses are the same in law and the same in fact. Two convictions for violating the same statute will always be the same in law, but they will never be the same in fact.” Id. at 128, quoting State v. Adel, 136 Wash.2d 629, 633-34 (1998).
Here, the defendant’s Attleboro District Court conviction and the present indictments in Norfolk County are based on the same statute (G.L.c. 6, §178H(a)), suggesting that they are the same in law. The Commonwealth, however, contends that the two prosecutions are different in fact. The Attleboro District Court complaint identifies the date of the defendant’s offense as July 2, 2010. The amended Norfolk County indictments, on the other hand, allege that the defendant’s failure to register occurred between October 19, 2009, and July 1, 2010. The central question in this case is, therefore, whether the defendant’s failure to register as a sex offender constitutes a single violation of G.L.c. 6, §178H(a) for the period in which he was out of compliance with the statute, or multiple violations. If the defendant’s misconduct was a single, ongoing violation, the Fifth Amendment’s double jeopardy clause requires dismissal of the Norfolk indictments, because the defendant was already placed in jeopardy for this violation in Attleboro. However, if the defendant committed a new violation of G.L.c. 6, §178H(a), each day that he failed to register, double jeopardy would not necessarily mandate the dismissal of the indictments, because a violation committed on July 2, 2010, would differ “in fact” from the violations allegedly committed between October 19, 2009, and July 1, 2010. See footnote 2, infra.
B. The Rule of Lenity Mandates that the Commonwealth Not Divide the Defendant’s Failure to Register into Separate Units of Prosecution
The United States Supreme Court has held that the “Double Jeopardy Clause is not such a fragile guarantee that its limitations can be avoided by the simple expedient of dividing a single crime into a series of temporal or spatial units.” Sanabria v. United States, 437 U.S. 54, 72 (1978), citing Brown v. Ohio, 432 U.S. 161, 169 (1977). To determine whether a defendant has committed a single violation of the statute or multiple violations, “(t]he appropriate inquiry ... asks what ‘unit of prosecution’ was intended by the Legislature as the punishable act.” Rabb, 431 Mass. at 128. In G.L.c. 6, §178H(a), the Massachusetts Legislature did not expressly define the unit of prosecution. Courts could, in theory, interpret an ongoing failure to register to constitute a single violation, or, perhaps, numerous violations.
If a statute is unclear as to the proper unit of prosecution, “any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant’s favor.” Id., and cases cited. In fact, if statutory language can even “ ‘plausibly be found to be ambiguous,’ the rule of lenity requires the defendant be given ‘the benefit of the ambiguity.’ ” Common *29 wealth v. Carrion, 431 Mass. 44, 46-47 (2000), quoting Commonwealth v. Roucoulet, 413 Mass. 647, 652 (1992).
The Supreme Judicial Court employed the rule of leniiy in Commonwealth v. Donovan, 395 Mass. 20, 29 (1985). In that case, it held that the theft of several checks from a phony night deposit box did not constitute multiple crimes. The Court found that the statute’s unit of prosecution was ambiguous and that the thefts were thus a single crime. Id. The Court held that “[a]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.” Id. On the other hand, the Court has also held that the rule of lenity does not apply when “the statutory language discloses a clear legislative purpose.” Roucoulet, 413 Mass. at 652.
The United States Supreme Court similarly resolved ambiguities in a criminal statute in favor of the defendant in United States v. Universal C.I.T. Credit Corp, 344 U.S. 218, 221-22 (1952). The Court determined that multiple failures to comply with minimum wage, overtime, and record, keeping requirements of the Fair Labor Standards Act amounted to a single, ongoing course of conduct and qualified as one unit of prosecution. The Court held that “when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite. We should not derive criminal outlawry from some ambiguous implication.” Id. at 222.
The statute in this case can “plausibly be found to be ambiguous.” Carrion, 431 Mass. at 46-47, quoting Roucoulet, 413 Mass. at 652. It states, in relevant part, the following: “[a] sex offender finally classified by the board as a level 2 or a level 3 sex offender who is required to register . . . [and] who lists a homeless shelter as his residence shall appear in person at such local police department every 45 days to verify, under the pains and penalties of perjury, that the registration data on file remains true and accurate.” G.L.c. 6, § 178F1 /2. Further, “[a] sex offender required to register pursuant to this chapter who knowingly: (i) fails to register: (ii) fails to verify registration information; (iii) fails to provide notice of a change of address; or (iv) who knowingly provides false information shall be punished in accordance with this section.” G.L.c. 6, §178H(a).
Like the statute in Donovan, neither §178F 1/2 nor §178H(a) make mention of the relevant unit of prosecution. See 395 Mass. at 29. Manifestly, the statute does not state that an offender commits a new violation “each day” or “every forty-five day period” that he fails to register. The Commonwealth states in its opposition that “[e]ach day that an offender fails to register is a violation of the law; thus, an offender could potentially face a separate complaint or indictment for each and every day that he fails to register,” but it cites no authority for this proposition, nor suggests why that interpretation is the only plausible interpretation of the relevant language. See Commonwealth’s Opp., p. 2. Unlike the statute at issue in Roucoulet, neither §178Fl/2 nor §178H(a) disclose a “clear legislative purpose” regarding the relevant unit of prosecution. Contrast 413 Mass. at 652. As a result, the rule of leniiy demands that this statutory ambiguity be resolved in favor of the defendant. His failure to register as a sex offender during the period October 19,2009 through July 2,2010thus constitutes a single violation of his registration requirements, not multiple violations.
Moreover, it is significant that the defendant undertook no particular criminal action on July 2, 2010, the date of the offense charged in the complaint filed in the Attleboro District Court. In fact, by this date, he had allegedly been in violation of G.L.c. 6, §178H(a), for more than eight months. July 2nd was merely one in a series of many days on which the defendant was in violation of the statute for failure to register, failure to verify, failure to provide notice of a change of address, or providing false information. As a result, the Attleboro complaint cannot fairly be read to charge him only with violating the statute on that particular date. A logical and more reasonable reading of the complaint suggests that it charges a course of conduct (namely, the defendant’s failure to comply with G.L.c. 6, §178H(a)) for a period leading up to July 2nd, the date the complaint was filed.[2] Under the alternative interpretation of the complaint, the statute would create a new crime every day that a defendant was out of compliance. As explained above, the rule of lenity precludes such an interpretation. The Norfolk County complaint cannot be saved simply by amending the end date of the charge, as the two prosecutions arise out of the same ongoing behavior and violation.
The State of Washington, employing reasoning the court finds persuasive, construes its sex offender registration statute similarly.[3] The Court of Appeals of Washington has held that failure to register as a sex offender is “an ongoing course of conduct that cannot support separate charges.” State v. Green, 230 P.3d 654, 657 (Wash.App. 2010). The Court of Appeals noted that “[i]t is unclear from the statute’s plain language whether the duty to register ‘in person, every ninety days’ establishes the ‘unit of prosecution’ as each 90-day period in which an offender with a fixed residence fails to register or treats the failure as an ongoing course of conduct.” Id. at 100. Massachusetts’ registration statute contains “unclear” language similar to Washington’s statute. Id. The legislatures in both states failed to define the relevant unit of prosecution expressly.
II. The Second and Fourth Norfolk Indictments
The second and fourth Norfolk indictments charge the defendant with providing false information to the Quincy Police Department on or about September 3, *30 2009. The Commonwealth contends that “[t]hese indictments allege a specific violation/act on a specific day, which occurred months before the violation involved in the Bristol County case.” See Commonwealth’s Opp., p. 1. Applying the “same evidence” test to the indictments and the Attleboro complaint, the court finds that, while these offenses may be the same in law because they arise under the same statute (see Rabb, 431 Mass. at 127), they are nonetheless different in fact. Id. Unlike the defendant’s failure to register his address, providing the allegedly false statement was not an ongoing crime. It was a single incident taking place on a single day — September 3, 2009. It involved conduct distinct from the defendant’s failure to register his address in Attleboro. The Attleboro complaint cannot be read to encompass the false information that the defendant allegedly provided to a Quincy police officer at a time when he was otherwise in compliance with his registration obligations — an offense which occurred, if at all, on a specific date and in another county.
Moreover, the Supreme Judicial Court has previously addressed the difference between a violation based on knowingly providing false information to the police and failing to register. See Commonwealth, v. Rosado, 450 Mass. 657, 662 (2008) (addressing separately a defendant’s alleged false information and his failure to report a change of address). As a result, the court does not find the charge of knowingly making a false statement to the Quincy police and defendant’s failure to register with the police for an extended period thereafter to be part of the same ongoing criminal “scheme.” Contrast Donovan, 395 Mass. at 27. In consequence, the Attleboro complaint did not place the defendant in jeopardy for the false information he allegedly provided to the Quincy Police Department.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss the indictment is ALLOWED as to the Commonwealth’s first and third indictments and DENIED as to the Commonwealth’s second and fourth indictments.

The Commonwealth initially filed a complaint charging the defendant with violating G.L.c. 6, §178H(a)(l), in Quincy District Court on October 26, 2009. The Commonwealth amended this complaint on December 29, 2010, to charge the defendant with failing to register as a subsequent offender in violation of G.L.c. 6, §178H(a)(2). After the defendant was arraigned in Norfolk Superior Court, the Commonwealth filed a nolle prosequi in Quincy District Court.

This court concludes that a defendant does not commit a separate violation of G.L.c. 6, §178H(a), each day that he fails to comply with the statute. It need not consider whether a defendant commits a new violation every forty-five days he fails to register; because the only plausible reading of the Attleboro complaint is that it encompasses the period of time leading up to July 2, it necessarily addressed each forty-five-day period up to that date. The court, however, notes that the statute’s lack of clarity regarding the unit of prosecution would, in practice, make it difficult to apply the forty-five-day period as a unit of prosecution without further direction from the legislature. If a defendant moves from a shelter into a residence without notifying the police he violates the statute, but he is then no longer homeless. Does the forty-five-day rule still apply?

Courts in Minnesota and Florida, on the other hand, have interpreted their sex offender registration statutes to mean that each failure to register over a proscribed period constitutes a separate violation. See State v. LeMasters, No. A09-982, 2010 WL 2035704 at *2 (Minn.App. May 25, 2010) (unpublished opinion), Bostic v. State, 60 So.3d 535, 536 (Fla.App. 1 Dist. 2011) (a single-page decision). These decisions, however, do not address the mle of lenity, which the Rabb decision directs Massachusetts courts to apply. 431 Mass. at 128, and cases cited. Because of the rule of lenity, Massachusetts courts must resolve G.L.c. 6, §178H(a)’s ambiguous unit of prosecution in favor of the defendant.