# IN THE SUPREME COURT OF THE STATE OF NEVADA

NORMAN SMITH,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 71984

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Norman Smith argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). We disagree.

Smith pleaded guilty to felony offenses in two different district court cases. He first pleaded guilty to child abuse and neglect with substantial bodily harm or mental injury and received a sentence of 96 to 240 months. A few years later, he pleaded guilty to attempted sexual assault of a minor under 14 years of age and received a sentence of 36 to 120 months, which he is to serve consecutively to the child-abuse sentence. The record indicates that Smith is currently serving the sentence for child abuse. Thus, the issue before us is whether NRS 209.4465(7)(b) requires

---

[1]Having considered the pro se brief and other documents filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

that the credits he earns under NRS 209.4465 be applied to his parole eligibility on that sentence. We conclude that it does not, by virtue of NRS 209.4465(8).

The State alleged Smith's abusive conduct as a single offense based on a continuing course of conduct. According to the charging document, Smith abused the victim from January 1, 2007, through December 31, 2011. During that time, the Legislature added subsection 8 to NRS 209.4465. 2007 Nev. Stat., ch. 525, § 5, at 3177. Because child abuse is a continuing offense, *Rimer v. State*, 131 Nev., Adv. Op. 36, 351 P.3d 697, 706-07 (2015) (addressing issue for purposes of statute of limitations), and Smith's conduct continued after the enactment of subsection 8 in 2007, that provision applies to him. *See State v. Helmer*, 53 P.3d 1153 (Ariz. Ct. App. 2002) (holding that failure to register as a sex offender is a continuing offense and therefore statutory amendment that increased the sentence for that offense could be applied to defendant without violating ex post facto principles where defendant's conduct continued after the amendment); *People v. Chilelli*, 170 Cal. Rptr. 3d 395 (Ct. App. 2014) (holding that stalking is a continuing offense and therefore statutory amendment that reduced presentence conduct credits could be applied to the defendant without violating ex post facto principles where the defendant's conduct continued after the amendment). Subsection 8 of NRS 209.4465 provides that credits earned under NRS 209.4465 cannot be applied to parole eligibility on a sentence for a category B felony. The child-abuse offense in this case is a category B felony. NRS 200.508(1)(a)(2). As such, NRS 209.4465(8) provides that the credits Smith has earned under NRS

209.4465 *cannot* be applied to his parole eligibility on the sentence for that offense. The district court therefore did not err in denying relief.[2]

Smith suggests that depriving him of credits against his parole eligibility based on the date of his offense violates equal protection principles. We disagree. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). When a statute implicates a suspect classification or a fundamental right, it is subject to strict scrutiny. *Id.* at 440. The classification at issue here is the date that an offense was committed, which Smith has not demonstrated is a suspect classification under the Equal Protection Clause. And the right at issue, earlier parole eligibility, is not a fundamental right for purposes of the Equal Protection Clause. *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Because neither a suspect classification nor a fundamental right is at issue, rational-

---

[2]The district court relied on the exception set forth in NRS 209.4465(7)(b) (1997) and his interpretation of the sentencing statutes as requiring that Smith serve the minimum term imposed before being eligible for parole. The district court's interpretation of the sentencing statutes conflicts with the analysis in our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017). But *Williams* is not controlling because the offenses at issue in that case were committed before NRS 209.4465(8)'s effective date and therefore the opinion did not address that provision. Based on NRS 209.4465(8), the district court reached the correct result, so we may affirm. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

basis review applies. *Cleburne*, 473 U.S. at 440. We cannot say that the Legislature lacked a rational basis for adopting NRS 209.4465(8).

Having considered Smith's arguments and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Todd Russell, District Judge
Norman Smith
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk